J-S08013-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| DAVID T. YATES, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JACKIE F. YATES, | : | |
| | : | |
| Appellant | : | No. 1438 EDA 2014 |

Appeal from the Order entered April 11, 2014,
Court of Common Pleas, Bucks County,
Civil Division at No. A06-02-63378-D-26

BEFORE: DONOHUE, WECHT and JENKINS, JJ.

MEMORANDUM BY DONOHUE, J.: **FILED FEBRUARY 27, 2015**

Appellant, Jackie F. Yates ("Wife"), appeals pro se from the order entered on April 11, 2014 by the Court of Common Pleas of Bucks County, granting a decree in divorce pursuant to section 3301(d) of the Divorce Code, 23 Pa.C.S.A. 3301(d). After careful review, we affirm.

Because we dispose of this case on procedural grounds, a recitation of the factual history of this case is unnecessary. On April 28, 2014, Wife filed a timely notice of appeal from the trial court's April 11, 2014 order granting a decree in divorce. On May 27, 2014, the trial court ordered Wife to file a concise statement of the errors complained of on appeal pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure. The trial court's order required Wife to file her Rule 1925(b) statement "no later than twenty-one (21) days from the date of this Order" and that any issue not properly

included in the Rule 1925(b) statement "shall be deemed waived." Trial Court Order, 5/27/14. At the time the trial court filed its Rule 1925(a) opinion on June 20, 2014, Wife had not yet filed her Rule 1925(b) statement. Our review of the certified record on appeals reveals that Wife never filed a Rule 1925(b) statement with the trial court.

In regards to the failure to file a Rule 1925(b) statement, our Court has frequently held the following:

> In **Commonwealth v. Lord**, [719 A.2d 306 (Pa. 1998)], our Supreme Court held that in order to preserve claims for appellate review, an appellant must comply with a trial court order to file a Statement of Matters Complained of on Appeal, pursuant to Pa.R.A.P. 1925(b). Our Supreme Court recently reiterated the bright-line rule established in **Lord**, holding that "**failure to comply with the minimal requirements of Pa.R.A.P. 1925(b) will result in automatic waiver of the issues** raised [on appeal]." **Commonwealth v. Schofield**, [888 A.2d 771, 774 (Pa. 2005)]; **see also Commonwealth v. Castillo**, [888 A.2d 775 (Pa. 2005) (same)]. If an appellant does not comply with an order to file a Rule 1925(b) statement, all issues on appeal are waived—even if the Rule 1925(b) statement was served on the trial judge who subsequently addressed in an opinion the issues raised in the Rule 1925(b) statement. **Schofield**, **supra** [] 888 A.2d at 773–74. Although recognizing that such a strict application of the Rule may be harsh, our Supreme Court stressed that failure to file the Rule 1925(b) statement "results in the inability of the appellate courts to determine which issues were presented to the trial court, and thus preserved for appeal, and whether the trial court received the statement within the required time period."

*In re Estate of Boyle*, 77 A.3d 674, 677 (Pa. Super. 2013) (emphasis in original) (quoting *In re L.M.*, 923 A.2d 505, 509–10 (Pa. Super. 2007)). Additionally, a recent en banc panel of this Court further explained:

> Our Supreme Court intended the holding in *Lord* to operate as a bright-line rule[.] … Indeed, our Supreme Court does not countenance anything less than stringent application of waiver pursuant to Rule 1925(b): "[A] bright-line rule eliminates the potential for inconsistent results that existed prior to *Lord*, when ... appellate courts had discretion to address or to waive issues raised in non-compliant Pa.R.A.P. 1925(b) statements." *Id.*

*Greater Erie Indus. Dev. Corp. v. Presque Isle Downs, Inc.*, 88 A.3d 222, 224 (Pa. Super. 2014) (en banc).

Moreover, Wife did not file an application with this Court pursuant to Rule 1925(c)(2) requesting that we remand this case to the trial court for a filing of a Rule 1925(b) statement nunc pro tunc. *See* Pa.R.A.P. 1925(c)(2).[1] Accordingly, because Wife has failed to file a Rule 1925(b) statement, she has failed to preserve any issues for review.

Order affirmed.

---

[1] Rule 1925(c)(2) reads: "(2) Upon application of the appellant and for good cause shown, an appellate court may remand in a civil case for the filing nunc pro tunc of a Statement or for amendment or supplementation of a timely filed and served Statement and for a concurrent supplemental opinion." Pa.R.A.P. 1925(c)(2).

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/27/2015