### In re ESTATE OF Denis A. BOYLE, M.D.

**Appeal of Mary Denise Curran, Denis A. Boyle, Jr., M.D., Suzanne Boyle Manno, Timothy P. Boyle and Terance P. Boyle.**

Superior Court of Pennsylvania.

Argued Feb. 6, 2013.

Filed Oct. 4, 2013.

---

Kenneth C. Russell, Jr., Huntingdon Valley, for appellant.

Joseph A. Ryan, Paoli, for Ryan, participating party.

BEFORE: FORD ELLIOTT, P.J.E., MUNDY, and FITZGERALD,* JJ.

OPINION BY FITZGERALD, J.:

This case returns to this panel after remand for the trial court to determine the filing date of Appellants' Pennsylvania Rule of Appellate Procedure 1925(b) statement. The trial court has provided an informative statement of procedural history. Appellants, Mary Denise Curran, Denis A. Boyle, Jr., M.D., Suzanne Boyle Manno, Timothy P. Boyle, and Terance P. Boyle, appeal from the order entered in the Chester County Court of Common Pleas Orphans' Court Division, denying their exceptions to the confirming of an account of their sibling, Sally Ryan.[1] We affirm on the basis of an untimely 1925(b) statement.

Review of the underlying facts and Orphans' Court proceedings is not required for our disposition. On July 19, 2012, the Orphans' Court issued the underlying order, and Appellants filed a timely notice of appeal. On August 21st, the Orphans' Court entered an order directing Appellants to file, within twenty-one days, a 1925(b) statement of errors complained of on appeal. The order specifically provided that the "statement shall be filed and served on the trial judge no later than twenty-one (21) days after entry of this Order," and that "[a]ny issue not properly included in the timely filed and served Statement ... shall be deemed waived." Order, 8/21/12. Immediately following the docket entry for this order, there is a separate entry indicating notice of the order was sent to the attorneys of record and unrepresented parties on the same day, August 21st.

We calculate that the twenty-first day after issuance of the 1925(b) order was Tuesday, September 11, 2012. Appellants filed a 1925(b) statement. The signature line and the accompanying certificate of service are dated September 10th. However, the statement is time-stamped as filed on September 20th. The docket entry for the 1925(b) statement is likewise dated September 20th. The record includes no indication that Appellant sought or the court granted an extension of time

---

* Former Justice specially assigned to the Superior Court.

1. The Orphans' Court denied Appellants' exception on the basis of waiver, where Appellants failed to file objections to Ryan's October 12, 2011 filing of the account, but instead filed exceptions to the court's February 27, 2012 confirming of the account. Orphans' Ct. Op., 9/20/12, at 2.

for filing. Accordingly, on its face, the statement was untimely filed. In an abundance of caution, we remanded to the trial court for a determination of the filing date of Appellants' 1925(b) statement.

The trial court has provided a statement, indicating that it held "a brief evidentiary hearing" and providing the following findings of fact:

> 1. A copy of Appellant[s'] 1925(b) statement was served on the [trial court] on September 11, 2012.... A copy was not contemporaneously transmitted to the Chester County Clerk of the Orphans' Court.
>
> 2. Appellant[s'] 1925(b) statement was filed with the Chester County Clerk of the Orphans' Court on September 20, 2012. Neither this Court nor Appellant is [sic] aware of how the 1925(b) statement was presented for filing on that date.

Trial Ct. Determination, 6/25/13.

Reviewing the trial record, docket, and above statement together, we glean that although Appellants served a copy of their 1925(b) statement on the trial court on September 11, 2012, they did not file a copy with the court clerk until September 20th.

In 2007, the Pennsylvania Supreme Court amended and "greatly expanded [Rule 1925] to clarify the requirements of trial judges in ordering, and litigants in submitting, Rule 1925(b) statements." *Berg v. Nationwide Mutual Ins. Co.*, 607 Pa. 341, 6 A.3d 1002, 1008 n. 12 (2010) (plurality). Rule 1925(b) and (c) provide in pertinent part:

> **(b) Direction to file statement of errors complained of on appeal; instructions to the appellant and the trial court.**—If the judge entering the order giving rise to the notice of appeal ("judge") desires clarification of the errors complained of on appeal, the judge may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal ("Statement").
>
> (1) *Filing and service.*—Appellant shall file of record the Statement and concurrently shall serve the judge. Filing of record and service on the judge shall be in person or by mail as provided in Pa.R.A.P. 121(a) and shall be complete on mailing if appellant obtains a United States Postal Service Form 3817, Certificate of Mailing, or other similar United States Postal Service form from which the date of deposit can be verified, in compliance with the requirements set forth in Pa.R.A.P. 1112(c). Service on parties shall be concurrent with filing and shall be by any means of service specified under Pa.R.A.P. 121(c).
>
> (2) *Time for filing and service.*—The judge shall allow the appellant at least 21 days from the date of the order's entry on the docket for the filing and service of the Statement. Upon application of the appellant and for good cause shown, the judge may enlarge the time period initially specified or permit an amended or supplemental Statement to be filed. In extraordinary circumstances, the judge may allow for the filing of a Statement or amended or supplemental Statement nunc pro tunc.

Pa.R.A.P. 1925(b)(1)-(2).

"[I]n determining whether an appellant has waived his issues on appeal based on non-compliance with Pa.R.A.P. 1925, it is the trial court's order that triggers an appellant's obligation under the rule, and, therefore, we look first to the language of that order." *Berg,* 6 A.3d at 1007–08. Rule 1925(b)(3) sets forth the contents of a 1925(b) order:

(3) *Contents of order.*—The judge's order directing the filing and service of a Statement shall specify:

(i) the number of days after the date of entry of the judge's order within which the appellant must file and serve the Statement;

(ii) that the Statement shall be filed of record;

(iii) that the Statement shall be served on the judge pursuant to paragraph (b)(1);

(iv) that any issue not properly included in the Statement timely filed and served pursuant to subdivision (b) shall be deemed waived.

Pa.R.A.P. 1925(b)(3)(i)-(iv).

This Court has stated:

In *Commonwealth v. Lord,* [553 Pa. 415, 719 A.2d 306 (1998) ], our Supreme Court held that in order to preserve claims for appellate review, an appellant must comply with a trial court order to file a Statement of Matters Complained of on Appeal, pursuant to Pa.R.A.P. 1925(b). Our Supreme Court recently reiterated the bright-line rule established in *Lord,* holding that **"failure to comply with the minimal requirements of Pa.R.A.P. 1925(b) will result in automatic waiver of the issues** raised [on appeal]." *Commonwealth v. Schofield,* [585 Pa. 389, 888 A.2d 771, 774 (2005) ]; *see also Commonwealth v. Castillo,* [585 Pa. 395, 888 A.2d 775 (2005) (same) ]. If an appellant does not comply with an order to file a Rule 1925(b) statement, all issues on appeal are waived—even if the Rule 1925(b) statement was served on the trial judge who subsequently addressed in an opin-ion the issues raised in the Rule 1925(b) statement. *Schofield, supra* at 393–94, 888 A.2d at 773–74. Although recognizing that such a strict application of the Rule may be harsh, our Supreme Court stressed that failure to file the Rule 1925(b) statement "results in the inability of the appellate courts to determine which issues were presented to the trial court, and thus preserved for appeal, and whether the trial court received the statement within the required time period."

\* \* \*

However, as an *en banc* panel of this Court has recently held, strict application of the bright-line rule in *Lord* necessitates strict interpretation of the rules regarding notice of Rule 1925(b) orders. *Commonwealth v. Davis,* 867 A.2d 585, 588 (Pa.Super.2005) (*en banc* ). The Pennsylvania Rules of Civil Procedure require the prothonotary to give written notice of the entry of a court order to each party and to note on the docket that notice was given. [Pa. R.C.P. 236(a)(2)(b).]

\* \* \*

If the docket does not show that notice of the entry of a Rule 1925(b) order was provided to an appellant, then we will not conclude that the appellant's issues have been waived for failure to file a Rule 1925(b) statement....

*In re L.M.,* 923 A.2d 505, 509–10 (Pa.Super.2007) (emphasis added).

In *In re L.M.,*[2] the trial court ordered the appellant to file a 1925(b) statement.[3] *Id.* at 508. While there was no indication in the certified record that the appellant filed one, the trial court opinion indicated

---

2. *In re L.M.* was a termination of parental rights matter. *In re L.M.,* 923 A.2d at 507.

3. The prior version of Rule 1925(b) was in effect at that time. *See id.* at 508 (referring to prior 1925(b) requirement that statement be filed within fourteen days).

that it received a statement twelve days past the deadline. *Id.* On appeal, this Court observed that although the docket "show[ed] that the court's [1925(b)] order was filed on June 14, 2006," and "the certified record contain[ed] a document indicating proof of service signed by the trial judge and dated June 14, 2006," "there [was] no notation on the trial docket that [the appellant] was served with notice of the trial court's Rule 1925(b) order." *Id.* at 510. This Court further noted that the appellant did not claim she did not receive notice of the order. *Id.* Citing to *Lord, Schofield,* and *Davis,* this Court declined to find waiver on the basis of the failure to file a 1925(b) statement, "[b]ecause the docket [did] not show that notice of the court order to file a Rule 1925(b) statement was served on the parties, as required by Pennsylvania Rule of Civil Procedure 236(b)." *Id.*

In *Berg,* our Supreme Court "consider[ed] whether an appellant's failure to personally serve on a trial judge a court-ordered [1925(b) statement], in accordance with Pa.R.A.P. 1925, results in waiver of all issues, where the court's order itself does not comply with Rule 1925.[ ]" *Berg,* 6 A.3d at 1003. In that case, "the trial court's [1925(b)] order instructed [the a]ppellants to **'file with the Court, and a copy with the trial judge,'** a Concise Statement of Errors Complained of on Appeal pursuant to Pa.R.A.P. 1925(b) within twenty-one (21) days of the issuance of this Order." *Id.* at 1008. The appellants' attorney brought three copies of his 1925(b) statement to the trial court prothonotary for filing. *Id.* at 1004. The prothonotary

declined to answer counsel's question of where the trial judge's chambers was located, refused to accept more than one time-stamped copy of the 1925(b) statement, and told counsel it would deliver within ten minutes the 1925(b) statement to the trial judge. *Id.* The trial court later issued a statement indicating that it had not been served with a copy of the 1925(b) statement and thus concluding that all appellate issues were waived. *Id.* On appeal, the Superior Court agreed and found all issues waived. *Id.* at 1005.

A plurality of our Pennsylvania Supreme Court [4] held that, in contravention of Rule 1925(b)(3), "the express language of [the 1925(b)] order **did not** instruct [the a]ppellants to **serve** a copy of their 1925(b) Statement on the trial judge; rather, it directed [them] to **file** copies . . . with the court and with the trial judge." [5] *Id.* at 1004 n. 4, 1008. Accordingly, it concluded, the appellants substantially complied with the court's order "by attempting to provide the prothonotary with two time-stamped copies of [their] 1925(b) statement, with one to be served on the trial judge." *Id.*

In the case *sub judice,* we have carefully reviewed the court's 1925(b) order, Appellants' 1925(b) statement, and the corresponding docket entries. Consistent with all of the requirements of Rule 1925(b)(3), the court's order: specified (1) the number of days within which Appellants were to file a statement of errors; (2) "that the Statement shall be filed of record;" (3) that the statement shall be served on the trial judge; and (4) that any issue not included in a timely filed and served statement shall

---

4. The majority opinion was joined by one justice. Two justices each filed a concurring opinion. One justice filed a concurring and dissenting opinion, and one justice filed a dissenting opinion. The seventh justice did not participate in the decision. *Berg,* 6 A.3d at 1012.

5. The Supreme Court also noted "the instruction to file a document with a trial judge [was] an oddity." *Id.* at 1008.

be deemed waived. *See* Pa.R.A.P. 1925(b)(3)(i)-(iv); *Berg,* 6 A.3d at 1008; Order, 8/21/12.

Furthermore, the docket entry for the court's 1925(b) order complies with Rule of Civil Procedure 236(b), as it indicates the date notice of the order was sent to the parties and attorneys of record. *See* Pa. R.C.P. Pa.R.C.P. 236(a)(2)(b); *In re L.M.,* 923 A.2d at 510; General Docket Report at 11. Finding no error in the trial court's order or the trial court docket, and no applicable exception which could prevent waiver, we are constrained to find all of Appellants' issues waived for failure to file a timely court-ordered 1925(b) statement.[6]

We acknowledge that neither party nor the trial court has raised the timeliness of the 1925(b) statement. However, we have remanded this case specifically for a determination of the 1925(b) statement-filing date, and the trial court provided Appellants an opportunity to be heard by holding an evidentiary hearing. *See* Trial Ct. Determination. Our application of Rule 1925(b) today may be harsh. *See In re L.M.,* 923 A.2d at 509. Nevertheless, our disposition is consistent with Rule 1925(b) and decisional authority.

Order affirmed.

---

**6.** In **criminal** cases, a defendant's attorney's untimely filing of a court-ordered 1925(b) statement and complete failure to file a statement—which results in waiver of all issues—is *per se* ineffectiveness, from which the defendant is entitled to prompt relief. *Common-wealth v. Burton,* 973 A.2d 428, 432–33 (Pa.Super.2009); *see* Pa.R.A.P. 1925(c)(3). However, the instant case is a civil matter, in which the parties have no corresponding right to counsel and effective assistance of counsel.