J-A18039-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| IN RE: JOSEPHINE T. WALSH | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| | No. 2012 MDA 2013 |

Appeal from the Order October 23, 2013
In the Court of Common Pleas of Columbia County
Orphans' Court at No(s): 73 OC 2013

BEFORE: LAZARUS, J., WECHT, J., and MUSMANNO, J.

JUDGMENT ORDER BY LAZARUS, J.: **FILED SEPTEMBER 16, 2014**

This matter arises from an incapacity proceeding brought with respect to appellant Josephine Walsh, during the course of which her son, John Walsh, sought a court order requiring that Josephine submit to a mental evaluation. The court granted the order on October 23, 2013, and Josephine filed a timely notice of appeal.

By order dated November 13, 2013, the Orphans' Court directed appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The court ordered that the statement be filed of record within thirty days, served pursuant to Rule 1925(b)(1), and that any issues not properly included in the statement, timely filed and served pursuant to Pa.R.A.P. 1925(b), shall be deemed waived. Accordingly, the trial court's order complied with Rule 1925(b). The lower court docket indicates that copies of the court's Rule 1925(b) order were sent to both parties' counsel on November 13, 2013, in compliance with Pa.R.C.P. 236.

Although the reproduced record submitted by the appellant contains a copy of a Rule 1925(b) statement, a review of the certified record suggested that the statement had not been filed of record in the trial court as required by both the court order and Rule 1925(b)(1). Accordingly, on August 7, 2014, this Court issued an order pursuant to Rule 1925(c)(1), remanding the record to the trial court to determine whether the appellant's Rule 1925(b) statement had, in fact, been filed of record. After a hearing, and by order dated August 22, 2014, the trial court concluded that, although the appellant had served its Rule 1925(b) statement upon the trial court, it had not been filed of record.

Where the trial court's order directing the submission of a concise statement of errors complained of on appeal complies with the requirements of Rule 1925(b), and the docket reflects compliance with Rule 236(b), an appellant's failure to strictly comply with the requirements of Rule 1925(b) results in the waiver of all issues on appeal in a civil matter. **See In re Estate of Boyle**, 77 A.3d 674 (Pa. Super. 2013). Accordingly, because appellant failed to file her Rule 1925(b) statement of record in the trial court, we are constrained to find her appellate issues waived.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/16/2014