J.A05034/14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ERIE INSURANCE EXCHANGE, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| L. GARY BRITCHER AND JANE BRITCHER, | : | |
| INDIVIDUALLY AND AS PARENTS AND | : | |
| NATURAL GUARDIANS OF MICHAEL | : | |
| BRITCHER, A MINOR AND L. GARY | : | |
| BRITCHER MASONRY, INC., | : | |
| | : | |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| BODY-BORNEMAN ASSOCIATES, INC. | : | No. 1540 EDA 2013 |

Appeal from the Judgment August 10, 2011
In the Court of Common Pleas of Montgomery County
Civil Division No(s).: 05-09485

BEFORE: ALLEN, JENKINS, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:       **FILED OCTOBER 29, 2014**

Appellants, L. Gary Britcher and Jane Britcher, individually and as parents and natural guardians of Michael Britcher, a minor,[1] and L. Gary Britcher Masonry, Inc., appeal from the judgment entered in the Montgomery County Court of Common Pleas in favor of Appellee, Erie Insurance Exchange ("Erie"). Based upon an automobile insurance policy

---

[*] Former Justice specially assigned to the Superior Court.

[1] Michael is not presently a minor.

obtained by Body-Borneman Associates, Inc. ("BBA"),[2] Appellants contend

that Erie was obligated to provide insurance coverage to them. We affirm

based on waiver under Pa.R.A.P. 1925(b).

We state the facts and procedural history as set forth by a prior panel

of this Court:

> The facts regarding this case begin in 1985, when Mr. Britcher hired BBA to act as his insurance expert and relied on BBA's professional opinion and expertise to tell him what coverage he needed to insure his masonry business, L. Gary Britcher doing business as L. Gary Britcher Masonry. BBA is a business that deals with prospective insureds, either corporate or individual, in order to procure insurance for them. BBA can secure coverage for prospective insureds with Erie, or eight or nine other insurance carriers.
>
> Using BBA, Mr. Britcher submitted an Application for Auto Coverage. Erie accepted the application and issued a Commercial policy to L. Gary Britcher doing business as L. Gary Britcher Masonry for the term of August 27, 1985, through August 27, 1986. Initially the policy provided full coverage for Mr. Britcher and his relatives (namely his wife and two sons), because as a sole proprietor, Mr. Britcher was the individual named insured. Accordingly, the policy provided first party benefits for Mr. Britcher and his family while occupants in any car, whether named in the policy or not, or as pedestrians. Thereafter, the policy renewed annually.
>
> In 1996, Mr. Britcher incorporated his

---

[2] We explain the status of BBA below.

business, changing the named insured from an 'individual' to a 'corporation,' Britcher Masonry, Inc. This change was set into motion by Mr. Britcher and Mr. Body, an agent of BBA. Mr. Body traveled to the insureds' home and discussed how to maintain the same insurance coverage, despite the business' corporate structure change. During that discussion, Mr. Britcher informed Mr. Body that he wanted to secure substantially similar coverage.

Contrary to Mr. Britcher's request, when his company underwent a corporate change, his Commercial Auto policy changed as well. Since a corporation is not an individual and thus cannot have relatives, the insureds no longer had the same coverage as before and thus only had first party benefits coverage and uninsured/underinsured motorist coverage while occupying only cars insured under the Commercial Auto Policy. No longer were the insureds covered as pedestrians or occupants in cars not covered under the policy. As a result, it is alleged that in procuring the policy at issue, BBA failed to take the actions necessary to add available endorsements to ensure that the same coverage existed as before, thus leaving a gap in coverage. At the time of the change, no conversations were ever held between Mr. Britcher and Erie, nor BBA and Erie's Underwriting Department, regarding the policy change; BBA never told Mr. Britcher that it was an agent for Erie, and Mr. Britcher never believed that BBA was acting on Erie's behalf. Further, Mr. Britcher testified that had he been informed of the additional endorsements available, he would have obtained it to secure substantially similar coverage.

The instant dispute arose on December 23, 2004, when Michael Britcher sustained serious, nearly fatal, injuries, in a car accident while riding as a passenger in an automobile operated by a friend. When the insureds initiated a claim

for first party and underinsured motorist benefits, the claim was denied. Since the post-1996 policy covered the insureds **only** while occupying cars covered under the policy, Michael Britcher's claim[1] for coverage was denied.

_____

[1] Since Michael Britcher was a minor at the time of the accident, the claim was initiated by his parents, on his behalf, as his natural guardians.

Erie filed a declaratory judgment action on March 24, 2005, seeking a determination that it was not obligated to provide coverage to Appellants.

On May 23, 2005, Appellants filed two pleadings. That morning, they filed a joinder complaint naming BBA as an additional defendant and raising a claim of negligence. That evening, Appellants filed an answer to Erie's complaint with a new matter and raised a claim—which they labeled a "counterclaim"—of negligence against BBA.

With respect to the declaratory judgment action, a bench trial was held on April 11, 2011. At trial, Appellants primarily presented two defenses to the claim that Erie was not obligated to provide insurance coverage. First, Appellants asserted that the insurance policy was ambiguous with respect to the coverage of the vehicles. Specifically, they maintained that because they leased—and did not own—the vehicles, there was no coverage under the policy. Appellants extrapolated that because they paid premiums for no coverage, the policy was illusory. Thus, Appellants concluded the ambiguous policy should be construed in favor of coverage. Second, Appellants suggested that BBA was an agent of Erie. Erie, Appellants theorized, therefore had an affirmative obligation to inform them of any coverage gap.

Initially, the court held that the policy was not ambiguous and therefore not illusory. Second, the court held that BBA was not an agent of Erie. Thus, the court opined, Erie did not have to provide insurance benefits to Appellants pursuant to the reasonable expectations doctrine, which examines whether the insured reasonably

expected coverage.

Appellants filed a post-trial motion requesting an order compelling Erie to provide coverage. Erie opposed and, for the first time, alleged that Appellants settled their negligence claim against BBA:

> Interestingly, following the non-jury trial on the legal coverage issue, the jury trial of the negligence claims of Appellants against BBA, was to begin. Just as trial was to begin, the claims of Appellants against BBA, seeking recovery of damages, i.e. the first party benefits and UIM benefits, as a result of the failure of the broker to procure appropriate insurance coverage, was settled. The terms of the settlement were apparently confidential. However, the insurer for BBA, made as a condition of the settlement the requirement that Appellants file these Post-Trial Motions and continue to pursue the coverage claims against . . . Erie. Apparently, Appellants, who have been compensated for the loss, are pursuing this appeal only because the insurer for the broker required same as part of the settlement.

Mem. of Law of Erie in Opp'n to Mot. for Post-Trial Relief, 6/27/11, at 2 n.1. The docket and certified record reflects no discontinuance or other appropriate order disposing of Appellants' outstanding claims against BBA.

The court denied Appellants' post-trial motion on July 19, 2011. The court explained that the reasonable expectations "doctrine is only applied in very limited circumstances to protect a non-commercial insured from policy terms not readily apparent and from insurer deception." Appellants, the court observed, are a commercial insured. Further, the court noted, BBA—and not Erie—made the representations regarding coverage. The court also held that the insurance policy was not illusory because it did provide coverage for the insured vehicles. Finally, the court opined that BBA's representations did not bind Erie because BBA was acting as an insurance broker and not as an agent of Erie.

> Appellants filed a notice of appeal on July 25, 2011. Judgment was entered in favor of Erie and against Appellants on August 10, 2011.

*Erie Ins. Exch. v. Britcher*, 2002 EDA 2011, slip op. at 2-6 (Pa. Super. Feb. 6, 2013) ("*Erie I*") (footnote, alterations, and most citations omitted).

The *Erie I* Court quashed Appellants' appeal because the negligence claims against BBA remained outstanding. On March 8, 2013, Appellants moved to discontinue the action against BBA, which the court granted on May 17, 2013.[3] Appellants timely appealed.

On July 10, 2013, the court docketed an order instructing Appellants to comply with Pa.R.A.P. 1925(b) within twenty-one days. The docket entry complied with Pa.R.C.P. 236. The order notified Appellants "that issues shall be deemed waived if not properly included in the Statement timely filed and served pursuant to Pa.R.A.P. 1925(b)." Order, 7/10/13. The record and docket do not reflect Appellants' filing of a Rule 1925(b) statement, but the court filed an opinion pursuant to Pa.R.A.P. 1925(a).

Recently, in *In re Boyle*, 77 A.3d 674 (Pa. Super. 2013), this Court discussed the background of Rule 1925:

> In *Commonwealth v. Lord*, 553 Pa. 415, 719 A.2d 306 (1998), our Supreme Court held that in order to preserve claims for appellate review, an appellant must comply with a trial court order to file a Statement of Matters Complained of on Appeal, pursuant to Pa.R.A.P. 1925(b).

---

[3] The order was dated and mailed on May 15, 2013.

> Our Supreme Court recently reiterated the bright-line rule established in Lord, holding that "**failure to comply with the minimal requirements of Pa.R.A.P. 1925(b) will result in automatic waiver of the issues** raised [on appeal]." If an appellant does not comply with an order to file a Rule 1925(b) statement, all issues on appeal are waived—even if the Rule 1925(b) statement was served on the trial judge who subsequently addressed in an opinion the issues raised in the Rule 1925(b) statement. Although recognizing that such a strict application of the Rule may be harsh, our Supreme Court stressed that failure to file the Rule 1925(b) statement "results in the inability of the appellate courts to determine which issues were presented to the trial court, and thus preserved for appeal, and whether the trial court received the statement within the required time period."
>
> However, as an *en banc* panel of this Court has recently held, strict application of the bright-line rule in **Lord** necessitates strict interpretation of the rules regarding notice of Rule 1925(b) orders. The Pennsylvania Rules of Civil Procedure require the prothonotary to give written notice of the entry of a court order to each party and to note on the docket that notice was given. [Pa.R.C.P. 236].

**Boyle**, 77 A.3d at 677 (some citations and punctuation omitted); **accord**

**Greater Erie Indus. Development Corp. v. Presque Isle Downs, Inc.**,

88 A.3d 222, 223 (Pa. Super. 2014) (stating appellants must comply

whenever trial court orders them to file Rule 1925 statement of errors

complained of on appeal).

Instantly, the trial court's July 10, 2013 order complied with Rule

1925(b), and the court gave written notice of the order to each party and

indicated on the docket that notice was given. **See Boyle**, 77 A.3d at 677.

To quote the **Boyle** Court, because we have found "no error in the trial

court's order or the trial court docket, and no applicable exception which

could prevent waiver, we are constrained to find all of Appellants' issues waived for failure to file a timely court-ordered 1925(b) statement." ***See id.*** at 678. Accordingly, we affirm the judgment because Appellants failed to file a Rule 1925(b) statement. ***See id.***

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/29/2014