J-A21036-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| MARY K. REGO, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| CARMINE REGO, | |
| Appellee | No. 2811 EDA 2014 |

Appeal from the Order entered August 26, 2014,
in the Court of Common Pleas of Delaware County,
Domestic Relations, at No(s): 9703274F

BEFORE:  ALLEN, MUNDY, and FITZGERALD*, JJ.

MEMORANDUM BY ALLEN, J.:                    **FILED JULY 10, 2015**

The parties are Mary K. Rego ("Appellant") and Carmine Rego ("Appellee"), who are the parents of one child.  Appellant appeals from the child support order entered August 26, 2014.[1]

Appellant filed her notice of appeal on September 26, 2014.  On October 9, 2014, the trial court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal within twenty-one (21) days.  The order indicates that notice pursuant to Rule 236 was mailed on October 9, 2014, and specifies that the statement "must be served upon the

---

[1] The order was entered after the trial court granted reconsideration and heard evidence, testimony and arguments, and thereafter affirmed the July 28, 2010 order which provided that Appellant's child support obligation is $186.36 per month, with Appellant to pay 54%, and Appellee to pay 46% of the child's private school tuition.

*Former Justice specially assigned to Superior Court.

court pursuant to 1925(b)(1) and must also be filed of record." The order states that any issue "**not properly included in this statement _timely filed and served_ pursuant to Pa.R.A.P. 1925(b) shall be deemed waived**." (Emphasis added).

On December 9, 2014, the trial court issued an opinion explaining that Appellant's appeal should be quashed due to the late filing of Appellant's concise statement of matters complained of on appeal. The trial court detailed the language of Pa.R.A.P. 1925(b) and Pa.R.A.P. 121, and cited **Commonwealth v. Castillo**, 888 A.2d 775, 780 (Pa. 2005), **Greater Erie Indus. Dev. Corp. v. Presque Isle Downs, Inc.**, 88 A.3d 222, 227 (Pa. Super. 2014) (_en banc_) and **In re Estate of Boyle**, 77 A.3d 674, 676 (Pa. Super. 2013).

Upon review, we agree with the trial court. Our review of the certified record reveals no Pa.R.A.P. 1925(b) statement, although the certified docket entries on November 6, 2014 state "received statement of matters on appeal filed in DRO".[2]

Appellant concedes that the concise statement "was to be filed on or before October 30, 2014." Appellant's Brief at 20. Counsel for Appellant provides a narrative regarding the attempts of his legal secretary to fax the

---

[2] Appellant has included a statement of matters on appeal in her brief (RR-6A), but unlike the opinion and order included in Appellant's brief, the statement is not time-stamped as being filed with either the trial court or the Domestic Relations Section of Delaware County.

statement to the trial court after 4:00 p.m. on October 30, 2014, and email the statement to the trial court at 9:57 a.m. on October 31, 2014. *Id*. Counsel for Appellant has appended to Appellant's brief a notarized affidavit from his legal secretary averring that she mailed the statement to Domestic Relations on November 3, 2014. *Id*. at 30.

Appellant asserts that the case law cited by the trial court is distinguishable because the appellants in those cases did not "request to extend the time to file the statement and made no application for a *nunc pro tunc* submission." *Id*. at 22. Appellant further asserts that counsel "believed in good faith that [counsel] had gotten the statement to the court in a timely manner." *Id*. at 21. Appellant bases this assertion on alleged communications – which are not of record – between counsel's legal secretary and an unspecified party in trial court chambers. *See id*. at 20-22. It is black letter law that an appellate court cannot consider anything which is not a part of the record in the case. *Smith v. Smith*, 637 A.2d 622, 623 (Pa. Super. 1993)

Here, as in our recent *en banc* decision in *Greater Erie Indus. Dev. Corp. v. Presque Isle Downs, Inc., supra,* the certified record indicates that waiver is warranted where Appellant did not comply with the trial court's clear Pa.R.A.P. 1925(b) directive, nor did Appellant seek, or the trial court grant, an extension of time for filing of the Pa.R.A.P. 1925(b) statement. The trial court further noted that "even if counsel did retain a Postal Service proof that he mailed a copy to chambers on October 30,

2014, he would not have filed it in a timely manner. The rule requires that it be filed in the office of the court clerk by October 30, 2014." Trial Court Opinion, 12/9/14, at 3, n3. Again, our review of the certified record does not contain Appellant's concise statement, although the certified docket entries indicate "received statement of matters on appeal filed in DRO" on November 6, 2014.

In sum, we are constrained to quash this appeal. Although in *In re Estate of Boyle* we remanded for an evidentiary hearing on the Pa.R.A.P. 1925(b) statement-filing date, which in the present case is not at issue, we nonetheless stated:

> Our application of Rule 1925(b) today may be harsh. Nevertheless, our disposition is consistent with Rule 1925(b) and decisional authority.

*In re Estate of Boyle*, 77 A.3d at 679. As we are bound by both the rules of this Court and precedential case law, we quash this appeal.

Appeal quashed. Case stricken from the argument list. Jurisdiction relinquished.

Judge Mundy joins the Memorandum. Justice Fitzgerald concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

- 4 -

Date: <u>7/10/2015</u>