J-A11034-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| JAMES TAYLOR | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| CHRISTOPHER JOHN TCHABO AND THE SCHOOL AT CHURCH FARM | |
| Appellees | No. 2903 EDA 2014 |

Appeal from the Judgment Entered on January 2, 2015
In the Court of Common Pleas of Chester County
Civil Division at No.: 11-08060-TT

BEFORE: FORD ELLIOTT, P.J.E., OLSON, J., and WECHT, J.

JUDGMENT ORDER BY WECHT, J.:                    **FILED JULY 14, 2015**

James Taylor appeals from the judgment entered on January 2, 2015 in favor of Christopher John Tchabo.[1] Based upon an untimely-filed Pa.R.A.P. 1925(b) concise statement, Taylor has waived his issues on appeal, and we are constrained to affirm.

Because of our disposition, a recitation of the facts of this case is unnecessary. On January 28, 2011, Taylor commenced this negligence action against Tchabo and the School at Church Farm ("CFS"). On May 20, 2014, a jury found in favor of Tchabo. The jury found that CFS and Taylor both were negligent, but that seventy percent of the negligence was attributable to Taylor. Therefore, no damages were awarded. On May 29,

---

[1] Taylor settled with the School at Church Farm prior to trial.

2014, Taylor filed post-trial motions, which the trial court denied on September 9, 2014.

On October 6, 2014, Taylor filed his notice of appeal from the order denying his motion.[2] On October 7, 2014, the trial court ordered Taylor to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) within twenty-one days. On the order, there is a notation that it was sent on October 8, 2014. Taylor's concise statement, which was docketed on October 30, 2014, was therefore filed one day after it was due. Consequently, it is untimely and we are constrained to find his issues waived. *Commonwealth v. Castillo*, 888 A.2d 775, 780 (Pa. 2005).

Rule 1925 provides that the date of filing for a concise statement is the date it is mailed, but only when that appellant obtains "a United States Postal service form from which the date of deposit can be verified." Pa.R.A.P. 1925(b)(1). Nothing in the record indicates that Taylor obtained or submitted such a form. Taylor's certificate of service, which is dated October 27, 2014, is not sufficient to verify the mailing date. In fact, the certificate does not even state whether service was by mail or otherwise. Therefore, we are constrained to use the docketing date as the date that

---

[2] An order denying post-trial motions is not appealable, and the appeal properly lies from the judgment. *Hart v. Arnold*, 884 A.2d 316, 325 n.2 (Pa. Super. 2005). However, when the final judgment is entered during the pendency of an appeal, appellate jurisdiction is perfected. *Id.* Because judgment was entered on January 2, 2015, we have jurisdiction and the caption has been amended accordingly.

Taylor filed the concise statement, and deem it untimely.  **See In re Estate of Boyle**, 77 A.3d 674, 675, 679 (Pa. Super. 2013) (holding issues waived for failure to file timely concise statement when certificate of service was dated one day prior to deadline, but the statement was docketed ten days later).

Although the trial court addressed the merits of Taylor's appeal, this Court has no "discretion to review the merits of an untimely Rule 1925(b) statement based solely on the trial court's decision to address the merits. . . .   Under current precedent, even if a trial court ignores the untimeliness of a Rule 1925(b) statement . . ., those claims still must be considered waived."  **Greater Erie Indus. Dev. Corp., v. Presque Isle Downs, Inc.**, 88 A.3d 222, 225 (Pa. Super. 2014) (*en banc*).  Therefore, we are constrained to find that Taylor's issues are waived and affirm the judgment.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/14/2015