J. S27035/15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | | |
|---|---|---|---|
| MARIO CONTRERAS, | : | IN THE SUPERIOR COURT OF | |
| | : | PENNSYLVANIA | |
| Appellee | : | | |
| | : | | |
| v. | : | | |
| | : | | |
| ROBIN CONTRERAS, | : | | |
| | : | | |
| Appellant | : | No. 2334 EDA 2014 | |

Appeal from the Order Entered March 10, 2014
In the Court of Common Pleas of Monroe County
Civil Division No(s).: 620 DR 2003 & 1102 CV 2013

BEFORE: FORD ELLIOTT, P.J.E., STABILE, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:                          **FILED JULY 14, 2015**

Appellant, Robin Contreras ("Wife") appeals *pro se* from the order entered in the Monroe County Court of Common Pleas denying her petition to vacate the divorce decree.[1]  We hold Appellant's notice of appeal was timely filed, but find all of her eighteen issues waived for failure to comply with the court's order to file a Pa.R.A.P. 1925(b) statement and failure to provide sufficient discussion and legal analysis in her appellate brief. Accordingly, we affirm.

The trial docket indicates Appellee, Mario Contreras ("Husband"), filed

---

[*] Former Justice specially assigned to the Superior Court.

[1] Wife's *pro se* petition was entitled "Petition to Throw Out/Overturn Divorce Decree Dated June 21, 2013."

a divorce complaint on February 6, 2013.[2]  The docket further indicates Wife

did not file an answer.  On June 21, 2013, the court issued a divorce decree.

On July 22, 2013, Wife filed the underlying *pro se* "Petition to Throw

Out/Overturn Divorce Decree Dated June 21, 2013."[3]  On March 10, 2014,

the trial court denied the petition.[4]  Wife filed a notice of appeal, which was

---

[2] The certified record does not include the divorce complaint; instead, the earliest filing is a May 3, 2013 "Praecipe to Transmit Record."

Husband's counseled brief alleges the following procedural history:

> Previous divorce proceedings between the two parties go all the way back to 2003 as noted by the DR docket number in the caption at the Common Pleas court level. [Wife] then filed for divorce in Monroe County in 2004, docketed at 9044 CV 2004.  [Wife] let this action lapse and the case was dismissed.
>
> She then brought a divorce action in Lancaster County on November 16, 2010.  Though apparently obtaining personal jurisdiction over [Husband] sufficient for an Alimony *Pendente Lite* award, [Husband] was never served with the divorce complaint.[ ]  As late as January 17, 2014 the docket entries from Lancaster County show that a Praecipe to Reinstate was filed.  [Wife] took no other action on her complaint.  [Husband] filed [the instant] divorce in Monroe County . . . and [Wife] did not respond until after the Decree in divorce was entered.

Husband's Brief at 2.

[3] The parties had thirty days from the issuance of the divorce decree to move to open it.  **See** 23 Pa.C.S. § 3332; 42 Pa.C.S. § 5505.  The thirtieth day after June 21, 2013, was Sunday, July 21, 2013.  Wife's filing on Monday, July 22nd was timely.  **See** 1 Pa.C.S. § 1908.

[4] An order issued February 3, 2014 indicated a hearing was held on that day.  Order, 2/3/14 ("[B]oth parties are granted 10 days from the date of this

not docketed until July 3, 2014. On August 26, 2014, the court issued an order directing Wife to file, within twenty-one days, a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. Wife did not file such a statement.

We first consider the trial court's suggestion that this appeal should be quashed for an untimely notice of appeal. We first state the general rule under Pennsylvania Rule of Appellate Procedure 903(a) that "the notice of appeal . . . shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a).

In the case *sub judice*, the underlying order was filed on March 10, 2014. The thirtieth day thereafter, and thus the deadline for taking an appeal, was April 9th. ***See id.*** The trial court aptly noted:

> [Appellant's notice of appeal] was initially date-stamped by our Prothonotary on April 9, 2014. However, the date stamp was crossed out with the notation "No Payment GJW." GJW are the initials of George J. Warden, the Prothonotary and Clerk of this Court.

Trial Ct. Op., 9/22/14, at 4. The court stated this notice of appeal "was not accepted for filing because [Wife], who has neither applied for nor been granted *in forma pauperis* status, did not pay the required filing fee." ***Id.*** Instead, the notice of appeal was returned to Wife. The court then reasoned: (1) this filing was defective for failure to pay the filing fee and

_____

Order and today's hearing . . . to file any supplemental filings or evidence that pertains to the jurisdictional issues raised by [W]ife.").

failure to serve a copy on the court; and (2) "[a] defective attempt to file a notice of appeal does not and should not be deemed to commence an appeal or preserve appeal rights or issues." *Id.* at 4, 5.

The trial court stated Wife subsequently filed, on July 3, 2014, the same notice of appeal, which bore the crossed-out April 9th filing stamp. The court reasoned, however, this latter filing was also "defective in that [Wife] failed to serve the July 3, 2014 Notice of appeal on either the [trial court] or counsel for" Husband. *Id.* at 5.

Rule 902, "Manner of Taking Appeal," states:

> An appeal permitted by law as of right from a lower court to an appellate court shall be taken by filing a notice of appeal with the clerk of the lower court within the time allowed by Rule 903 (time for appeal). **Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal**, but it is subject to such action as the appellate court deems appropriate, which may include, but is not limited to, remand of the matter to the lower court so that the omitted procedural step may be taken.

Pa.R.A.P. 902 (emphasis added).

Rule 905(a) provides in pertinent part: "Upon receipt of the notice of appeal the clerk shall immediately stamp it with the date of receipt, and that date shall constitute the date when the appeal was taken, which date shall be shown on the docket." Pa.R.A.P. 905(a)(3). Rule 905(c) states: "The appellant upon filing the notice of appeal shall pay any fees therefor . . . ." Pa.R.A.P. 905(c).

Rule 906 requires: "Concurrently with the filing of the notice of appeal

under Rule 905 (filing of notice of appeal), the appellant shall serve copies thereof, and of any order for transcript, and copies of a proof of service showing compliance with this rule, upon:" all parties, the trial judge, the court reporter, and "[t]he district court administrator or other person designated by the administrator." Pa.R.A.P. 906(a)(1)-(4).

Reading the above rules together, we respectfully disagree with the trial court that Wife's failure to concomitantly pay a filing fee resulted in an invalid notice of appeal. Although the Rules of Appellate Procedure require a filing fee for a notice of appeal, Rule 902 clearly states the "failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal." *See* Pa.R.A.P. 902, 905(c). Instead, any error may be subject to action by the appellate court, including remand to allow the appellant to correct the error. *Id.* Furthermore, the phrasing of Rule 905(c) contemplates the "filing" of the notice of appeal and payment of fees to be distinct. *See* Pa.R.A.P. 905(c) ("The appellant upon filing the notice of appeal shall pay any fees therefor . . . ."). We likewise find Wife's failure to serve the trial judge was not fatal to her filing of the notice of appeal.[5] *See* Pa.R.A.P. 906(a)(2). We thus hold Wife's notice of appeal was timely filed on April 9, 2014, and the court clerk erred in not

---

[5] In concluding Wife's initial, April 9, 2014, filing of the notice of appeal was defective, the trial court also cited her "wait[ing] until the final day of the appeal period before making her defective attempt to file an appeal." Trial Ct. Op. at 4. We, however, find no authority that a filing on the last day of a permissible filing period is in any way deficient.

docketing it on the same day. **See** Pa.R.A.P. 903(a), 905(a)(3). Accordingly, we do not quash.

We do, however, find all issues waived for Wife's failure to comply with the court's order to file a Pa.R.A.P. 1925(b) statement. **See** Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived."); **In re Estate of Boyle**, 77 A.3d 674, (Pa. Super. 2013) (stating failure to comply with minimal requirements of Pa.R.A.P. 1925(b) will result in automatic waiver of issues raised on appeal).

We further find Wife's issues waived for failure to develop them, cite relevant authority, and provide meaningful legal analysis. **See** Pa.R.A.P. 2119. Although Wife's statement of questions raises eighteen issues, her one-page argument section is divided into four paragraphs.[6] Wife's Brief at 8; **see** Pa.R.A.P. 2119(a) (requiring argument section to be divided into as many parts as there are questions to be argued). Although Wife provides citations of Pennsylvania statutes and court decisions, she sets forth no discussion of what those authorities state or how they apply in the case *sub judice*.

---

[6] This section is entitled "Summary of Argument"; Wife's brief does not include an "Argument" section. **See** Pa.R.A.P. 2118, 2119. The four issues stated are: Husband's alleged "perjury" in stating whether he lived in New York or Pennsylvania, Husband's improper divorce filing where she filed for divorce in Lancaster County in November 2010, "indigent/destitute and equitable distribution," under which Wife argues a need for alimony, and court error in failing to swear-in her and Husband. Wife's Brief at 8.

Finding all of Wife's issues waived, we affirm the order of the trial court.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/14/2015