J-S73029-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: GUNDELA B. MARIS, DECEASED | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: MARY ANN B. GOOD AND KENNETH S. GAYER | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1224 MDA 2019 |

Appeal from the Order Entered July 1, 2019
In the Court of Common Pleas of Lancaster County Orphans' Court at
No(s):  2015-2643

BEFORE:  SHOGAN, J., LAZARUS, J., and MUSMANNO, J.

MEMORANDUM BY LAZARUS, J.:          **FILED: MARCH 3, 2020**

Mary Ann B. Good and Kenneth S. Gayer ("Appellants") appeal from the order, entered in the Court of Common Pleas of Lancaster County, Orphans' Court Division, granting summary judgment in favor of Appellee, Virginia H. Lloret, in this matter involving a contract entered into by Gundela B. Maris, Deceased, to make a will.  After our review, we affirm.

A review of the underlying facts and procedural history is not required for our disposition of this matter, as we conclude that Appellants have waived their issues raised on appeal by failing to timely file a court-ordered statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

In **Commonwealth v. Lord**, 719 A.2d 306 (Pa. 1998), our Supreme Court held that in order to preserve claims for appellate review, an appellant must comply with a trial court order to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).  The version of that

rule in effect on the date when the court ordered Appellants to file such a statement provided, in pertinent part, as follows:

> (b) Direction to file statement of errors complained of on appeal; instructions to the appellant and the trial court.—If the judge entering the order giving rise to the notice of appeal ("judge") desires clarification of the errors complained of on appeal, the judge may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal ("Statement").
>
> > (1) Filing and service.—Appellant shall file of record the Statement and concurrently shall serve the judge. Filing of record and service on the judge shall be in person or by mail as provided in Pa.R.A.P. 121(a)[.] Service on parties shall be concurrent with filing and shall be by any means of service specified under Pa.R.A.P. 121(c).
> >
> > (2) Time for filing and service.—The judge shall allow the appellant at least 21 days from the date of the order's entry on the docket for the filing and service of the Statement.

Pa.R.A.P. 1925(b)(1) and (2) (amended June 24, 2019, effective Oct. 1, 2019).

"[I]n determining whether an appellant has waived his issues on appeal based on non-compliance with Pa.R.A.P. 1925, it is the trial court's order that triggers an appellant's obligation under the rule, and, therefore, we look first to the language of that order." **Berg v. Nationwide Mutual Ins. Co.**, 6 A.3d 1002, 1007-1008 (Pa. 2010) (plurality). Former Rule 1925(b)(3) set forth the contents required of a Rule 1925(b) order at the time the instant order was issued:

> (3) Contents of order.--The judge's order directing the filing and service of a Statement shall specify:

> (i) the number of days after the date of entry of the judge's order within which the appellant must file and serve the Statement;
>
> (ii) that the Statement shall be filed of record;
>
> (iii) that the Statement shall be served on the judge pursuant to paragraph (b)(1);
>
> (iv) that any issue not properly included in the Statement timely filed and served pursuant to subdivision (b) shall be deemed waived.

Pa.R.A.P. 1925(b)(3) (amended June 24, 2019, effective Oct. 1, 2019). Failure by an appellant to comply with the minimal requirements of Pa.R.A.P. 1925(b) will result in automatic waiver of the issues raised on appeal. *In re Estate of Boyle*, 77 A.3d 674, 677 (Pa. Super. 2013) (citations omitted).

Here, the Orphans' Court issued the underlying order on June 28, 2019, and Appellants filed a timely notice of appeal. On July 24, 2019, the Orphans' Court issued an order pursuant to Rule 1925(b), directing Appellants to file a concise statement of errors complained of on appeal, of record, no later than August 20, 2019, and to deliver a copy to chambers by that date. The order further advised Appellants that any issue not properly included in the concise statement would be deemed waived. Affixed to the order was a stamp indicating that notice of entry of the order was given to Matthew D. Menges, Esquire, counsel for Appellants, and John W. Metzger, Esquire, counsel for Appellee, on July 25, 2019 in accordance with Pa.O.C.R. 4.6. The order was entered on the docket, which contains a notation that notice was sent to the above counsel.

Appellants filed their Rule 1925(b) statement with the Clerk of the Orphans' Court on August 21, 2019, one day after the deadline set by the court. A copy of Appellants' statement was received in chambers on August 22, 2019. **See** Trial Court Opinion, 8/30/19, at 1.

We have carefully reviewed the court's Rule 1925(b) order, Appellants' Rule 1925(b) statement, and the corresponding docket entries. Consistent with all of the requirements of Rule 1925(b)(3), the court's order: specified (1) the date by which Appellants were to file a statement of errors; (2) that the statement was to be filed of record; (3) that the statement was be served on the trial judge; and (4) that any issue not included in the statement would be deemed waived. **See** Pa.R.A.P. 1925(b)(3)(i)-(iv). Furthermore, both the order itself and the docket reflect that notice of the entry of the order was sent to the attorneys of record. **See** Pa.R.C.P. 236(b). Accordingly, because Appellants failed to timely file and serve upon the court their Rule 1925(b) statement, we are constrained to find all of their issues waived. **See Estate of Boyle**, **supra** (finding appellate claims waived for failure to timely file Rule 1925(b) statement).

Order affirmed. Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/03/2020

- 4 -