J-A11036-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| NA LI | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| YAN CHEN, BAISHENG CHEN AND | : | |
| ZHENG CHEN, LLC | : | |
| | : | No. 1204 MDA 2019 |
| Appellants | : | |

Appeal from the Judgment Entered August 12, 2019
In the Court of Common Pleas of Centre County Civil Division at No(s):
2017-0730

BEFORE:   PANELLA, P.J., McLAUGHLIN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:       **FILED: JUNE 8, 2020**

Appellants Yan Chen, Baisheng Chen, and Zheng Chen, LLC appeal from

the judgment entered by the Court of Common Pleas of Centre County in favor

of Appellee Na Li.  For the foregoing reasons, we affirm.

On February 24, 2017, Appellee, Na Li, along with her husband, Kai Du,

filed this action against Appellant Yan Chen and her husband, Appellant

Baisheng Zheng, and their limited liability company, Zheng Chen, LLC.

Appellees raised claims of fraudulent misrepresentation, breach of fiduciary

duty, unjust enrichment, and conversion against Appellants in connection with

a joint venture that Appellees and Appellants had started in attempting to

open a restaurant together in State College, Pennsylvania.

_____

[*] Former Justice specially assigned to the Superior Court.

After the parties proceeded to trial, a jury entered judgment in favor of Appellees on the counts of fraudulent misrepresentation, breach of fiduciary duty and unjust enrichment. The jury found in favor of Appellants on the conversion count. On April 18, 2019, both Appellants and Appellees filed motions for post-trial relief. After argument, the trial court entered an order on July 15, 2019, denying all post-trial motions.

On July 18, 2019, Appellants filed this appeal.[1] On July 24, 2019, the trial court directed Appellants to file a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). After Appellants failed to respond to the trial court's 1925(b) order, the trial court entered a subsequent order on August 29, 2019, asking this Court to find Appellants had waived all issues raised on appeal due to their failure to comply with its Rule 1925(b) order.

On September 10, 2019, Appellants filed a motion in the trial court, requesting permission to file their concise statement *nunc pro tunc*. On

---

[1] This Court has held that "[a]n appeal to this Court can only lie from judgments entered subsequent to the trial court's disposition of any post-verdict motions, not from the order denying post-trial motions." **Sereda v. Ctr. City Acquisitions, LLC**, 222 A.3d 1161, 1164 (Pa.Super. 2019) (quoting **Johnston the Florist, Inc. v. TEDCO Constr. Corp.**, 657 A.2d 511, 514 (Pa.Super. 1995) (*en banc*)). While Appellants purported to appeal from the denial of their post-trial motions, Appellees subsequently filed a praecipe for the entry of judgment. The docket reflects that judgment was entered in favor of Appellee Na Li on August 12, 2019. This Court has recognized that "[t]here are some instances wherein a party has failed to enter judgment [due to oversight] and our appellate courts may 'regard as done that which ought to have been done.'" **Sereda**, 222 A.3d at 1164 n.1 (quoting **Johnston**, 657 A.2d. at 514-515). As such, we deem the appeal to be properly taken from the subsequently-entered judgment.

September 11, 2019, the trial court granted Appellants leave to file their concise statement *nunc pro tunc*. On September 18, 2019, the trial court filed a one-paragraph order, asking this Court to affirm the jury's verdict.

Before we reach the merits of this appeal, we must address whether the trial court had discretion to ignore Appellants' failure to comply with the Rule 1925(b) order. As a trial court's order pursuant to Rule 1925(b) triggers an appellant's obligation to comply with the rule, we must first evaluate whether the language in the trial court's order complied with Rule 1925(b). ***In re Estate of Boyle***, 77 A.3d 674, 676 (Pa.Super. 2013).

In this case, the trial court directed Appellants to file and serve their concise statement within twenty-one (21) days of the filing of its order and expressly notified Appellants that "any issue not properly included in the timely filed Statement shall be deemed waived by the appellate court." Order, 7/24/19, at 1. Thus, the trial court's order fulfilled all the requirements of Rule 1925(b)(3).

It is well-established that an appellant's "failure to comply with the minimal requirements of Pa.R.A.P. 1925(b)[,]" including the failure to timely file a concise statement of errors, "will result in **automatic waiver** of the issues raised." ***Greater Erie Industrial Develop. Corp. v. Presque Isle Downs, Inc.***, 88 A.3d 222, 224 (Pa.Super. 2014) (*en banc*) (internal quotes and citations omitted; emphasis in original). As such, "it is no longer within this Court's discretion to review the merits of an untimely Rule 1925(b)

statement based solely on the trial court's decision to address the merits of those untimely raised issues." *Id.* at 225.

However, Rule 1925(c)(2) indicates that "[u]pon application of the appellant and for good cause shown, an appellate court may remand in a civil case for the filing *nunc pro tunc* of a Statement or for amendment or supplementation of a timely filed and served Statement and for a concurrent supplemental opinion." Pa.R.A.P. 1925(c)(2). The Note following Rule 1925 clarifies that *nunc pro tunc* relief is only available in limited circumstances:

> In general, *nunc pro tunc* relief is allowed only when there has been a breakdown in the process constituting extraordinary circumstances. Courts have also allowed *nunc pro tunc* relief when "non-negligent circumstances, either as they relate to appellant or his counsel" occasion delay. However, even when there is a breakdown in the process, the appellant must attempt to remedy it within a "very short duration" of time.

Note to Pa.R.A.P. 1925(b)(2) (citations omitted).

In this case, Appellants' counsel ("counsel") conceded that he failed to file a timely concise statement in violation of the lower court's order. Counsel admitted that he received the trial court's 1925(b) order at his office while he was on vacation. While counsel arranged for a colleague to prepare the concise statement on his behalf, the concise statement was never filed due to a miscommunication between counsel and his colleague. We find Appellants have not shown that they are entitled to *nunc pro tunc* relief due to a breakdown in court processes or "non-negligent" circumstances.

Therefore, we are constrained to find that Appellants waived their issues on appeal by failing to file a timely concise statement pursuant to Pa.R.A.P.

1925(b) after being ordered to do so by the lower court. As Appellants have waived all of their issues on appeal, we may not review the merits of their arguments.

For the foregoing reasons, we affirm.

Judgment affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 06/08/2020