J-A11026-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| PNC BANK, NATIONAL ASSOCIATION | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| MICHAEL J. JACOBS (DECEASED); | : | |
| MARK E. JACOBS | : | |
| | : | No. 847 MDA 2024 |
| Appellant | : | |

Appeal from the Order Dated May 28, 2024
In the Court of Common Pleas of York County Civil Division at No(s):
2019-SU-001890

BEFORE:   MURRAY, J., KING, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KING, J.:                    **FILED: JULY 21, 2025**

Appellant, Mark E. Jacobs, appeals from the order entered in the York County Court of Common Pleas, which denied Appellant's petition to set aside sheriff's sale.  We remand for further proceedings.

The relevant facts and procedural history of this case are as follows.  On June 21, 2019, Appellee, PNC Bank, National Association ("PNC Bank"), initiated a mortgage foreclosure action against Appellant and his brother, Michael J. Jacobs.  The complaint alleged that Appellant and his brother defaulted on a mortgage that they took out on the property, 105 Baugher Drive, Hanover, PA 17331 ("Property").  On July 18, 2019, Appellant's brother filed a *pro se* answer to the complaint, which denied that "defendants" had defaulted on the mortgage.  Nevertheless, the answer and verification were

_____

[*] Former Justice specially assigned to the Superior Court.

only signed by Appellant's brother. Appellant did not respond to the complaint in his own capacity.

Appellant's brother subsequently filed for bankruptcy and the matter was stayed for several years pending resolution of the bankruptcy proceedings. After the stay was lifted, PNC Bank filed a *praecipe* for entry of default judgment against Appellant. The docket indicates that default judgment was entered against Appellant on June 21, 2023, and notice of the judgment was mailed to Appellant in accordance with Pa.R.C.P. 236.[1] On April 8, 2024, the Property was sold at a sheriff's sale.

On April 26, 2024, Appellant filed a counseled petition to set aside the sheriff's sale. The petition identified Matthew B. Weisberg and Gary Schafkopf as attorneys for Appellant and further set forth both attorneys' identification number, address, and phone number. Notably, neither attorney filed a written entry of appearance on Appellant's behalf prior to filing the petition to set aside or at any point thereafter. On May 28, 2024, the court denied Appellant's petition to set aside the sheriff's sale. A deed transferring the Property was recorded on June 4, 2024.

On June 10, 2024, Appellant filed a counseled notice of appeal from the order denying his petition to set aside the sheriff's sale. On June 12, 2024, the court ordered Appellant to file a concise statement of errors complained

---

[1] PNC Bank also filed a motion for summary judgment against Appellant's brother, which the court granted on August 3, 2023. PNC bank subsequently filed a suggestion of death on October 26, 2023, indicating that Appellant's brother died on January 22, 2023.

of on appeal pursuant to Pa.R.A.P. 1925(b). The docket indicates that notice of the Rule 1925(b) order was sent to Appellant personally pursuant to Pa.R.C.P. 236; nothing on the docket indicates that notice of the Rule 1925(b) order was sent to Appellant's attorneys. Appellant has not filed a Rule 1925(b) statement to date.[2]

Appellant raises the following issues for our review:

> Was there a breakdown in court operations precluding Appellant from filing a [Rule] 1925(b) statement?
>
> Did the [trial] court error in denying Appellant's petition to set aside sheriff's sale?

(Appellant's Brief at 6).

Preliminarily, to preserve claims for appellate review, an appellant must comply with a trial court order to file a Rule 1925(b) concise statement. *In re Est. of Boyle*, 77 A.3d 674, 677 (Pa.Super. 2013). "[F]ailure to file the Rule 1925(b) statement results in the inability of the appellate courts to determine which issues were presented to the trial court, and thus preserved for appeal[.]" *Id.* (citation and quotation marks omitted). As such, "failure

_____

[2] On August 5, 2024, this Court issued a rule to show cause why the instant appeal should not be quashed for failure to file a Rule 1925(b) statement. Appellant filed a response, noting that the court did not provide notice of the Rule 1925(b) order to Appellant's counsel. On September 10, 2024, this Court dismissed the appeal *sua sponte*, noting that Appellant's counsel had not formally entered their appearance with the trial court and failed to provide the court with an address or phone number for the purpose of sending notice. On September 23, 2024, Appellant filed a motion for reconsideration, arguing that Appellant's counsel provided the relevant information on the petition to set aside that they had filed on Appellant's behalf. This Court granted the motion for reconsideration on October 2, 2024, and reinstated the appeal.

to comply with the minimal requirements of Pa.R.A.P. 1925(b) will result in automatic waiver of the issues raised on appeal." ***Id.*** (citation and quotation marks omitted).

Nevertheless, a strict application of the bright-line waiver rule necessitates strict interpretation of the rules regarding notice of the Rule 1925(b) order. ***Id.*** "If the docket does not show that notice of the entry of a Rule 1925(b) order was provided to an appellant, then we will not conclude that the appellant's issues have been waived for failure to file a Rule 1925(b) statement." ***Id.*** Specifically, Pennsylvania Rule of Civil Procedure 236 provides that notice of court orders shall be provided as follows:

> **Rule 236. Notice by Prothonotary of Entry of Order or Judgment**
>
> (a) The prothonotary shall immediately give written notice of the entry of
>
> *    *    *
>
> (2) any other order or judgment to each party's **attorney of record or, if unrepresented, to each party**. The notice shall include a copy of the order or judgment.
>
> (b) The prothonotary shall note in the docket the giving of the notice[.]

Pa.R.C.P. 236(a)(2) and (b) (emphasis added).

An "attorney of record" is defined as "an attorney at law who is entered on the docket or record of a court as appearing for or representing a party in a legal proceeding." Pa.R.C.P. 76. Pennsylvania Rule of Civil Procedure 1012(a) further provides:

**Rule 1012. Entry of Appearance. Withdrawal of Appearance. Notice**

(a) A party may enter a written appearance which shall state an address at which pleadings and other legal papers may be served … and a telephone number. … Written notice of entry of an appearance shall be given forthwith to all parties.

Note: Entry of a written appearance is not mandatory.

\* \* \*

Pa.R.C.P. 1012(a).

Instantly, the trial court decided that Appellant waived his appellate issues by failing to file the court-ordered Rule 1925(b) statement. Nevertheless, the docket indicates that the court provided notice of the Rule 1925(b) order to only Appellant, and not to Appellant's counsel. Although Appellant's attorneys had not filed written entries of appearance on the docket, they filed the petition to set aside the sheriff's sale and the notice of appeal on Appellant's behalf and included their names, attorney identification numbers, addresses, and phone numbers on both filings. Further, formal written entry of appearance is not mandatory. *See* Pa.R.C.P. 1012(a), Note. Under these circumstances, the best resolution of this appeal is to remand for further proceedings. *See* Pa.R.A.P. 1925(c)(2) (explaining that under certain circumstances, remand in civil case is appropriate for filing of *nunc pro tunc* Rule 1925(b) statement and for supplemental trial court opinion). Upon remand, Appellant's attorneys shall formally enter their appearance on the record within ten (10) days of the filing date of this decision. Thereafter, the

trial court shall issue a new Rule 1925(b) order, and counsel shall have twenty-one (21) days to timely file a Rule 1925(b) statement.  The trial court shall subsequently issue a supplemental Rule 1925(a) opinion addressing all properly preserved issues raised in the Rule 1925(b) statement.  Upon receipt of the supplemental trial court opinion, the parties shall notify this Court within ten (10) days if they wish to file supplemental appellate briefs or will proceed with the appeal based on the briefs already filed.  Accordingly, we remand for further proceedings consistent with this memorandum.

Case remanded for further proceedings.  Panel jurisdiction is **retained**.