J. S08027/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| TONY R. HARPER, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| JAWAD SALAMEH, M.D., CONEMAUGH | : | |
| MEMORIAL MEDICAL CENTER, | : | |
| DR. JAMES TRETTER, JOHN DOE, | : | |
| SURGEON, AND ANNETT KOWALEWSKI | : | No. 1085 WDA 2015 |

Appeal from the Order May 28, 2015
In the Court of Common Pleas of Cambria County
Civil Division No(s).: 2014-3969

BEFORE: STABILE, J., DUBOW, J., and MUSMANNO, J.

MEMORANDUM BY DUBOW, J.:                    **FILED FEBRUARY 29, 2016**

Appellant, Tony R. Harper, appeals *pro se* from the May 28, 2015 order entered in the Cambria County Court of Common Pleas, which sustained the preliminary objections of Appellee, Jawad Salameh, M.D., and dismissed Appellant's complaint and any amendments thereto with prejudice. We dismiss.

A detailed recitation of the facts of this case is unnecessary to our disposition. Briefly, on June 12, 2015, Appellant timely filed a notice of appeal from the trial court's order sustaining Appellee's preliminary objections. On July 29, 2015, the trial court ordered Appellant to file a Rule 1925(b) statement within twenty-one (21) days. Appellant, therefore, had until August 19, 2015, to file a timely 1925(b) statement pursuant to the

court's order. The trial court also ordered that, "any issue not properly included in the [s]tatement timely filed and served shall be deemed waived." Trial Court Order, 7/29/15.

Although Appellant was required to file his 1925(b) statement by August 19, 2015, it was not until August 21, 2015, that the trial court received a date-stamped 1925(b) statement and the Proof of Service dated August 20, 2015. Additionally, Appellant even acknowledged that he filed the 1925(b) statement late when he wrote to the Prothonotary of the trial court, stating, "[m]y error of complained to the Superior Court has been post marked on August 20, 2015." Appellant's Letter to Court of Common Pleas Prothonotary, 8/26/15.

"[I]n order to preserve their claims for appellate review, appellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P.1925." *In re Estate of Boyle*, 77 A.3d 674, 677 (Pa. Super. 2013); *Commonwealth v. Castillo,* 888 A.2d 775, 780 (Pa. 2005) (quoting *Commonwealth v. Lord,* 719 A.2d 306, 309 (Pa. 1998)). "In determining whether an appellant has waived his issues on appeal based on non-compliance with Pa.R.A.P. 1925, it is the trial court's order that triggers an obligation under the rule, and, therefore, we look first to the language of that order." *In re Estate of Boyle*, *supra* at 676.

Here, the trial court's Rule 1925(b) order, properly filed, docketed, and served, directed Appellant to file a concise statement within 21 days, *i.e.* by August 19, 2015. Because Appellant filed his concise statement on August 20, 2015, the statement was untimely and the issues raised therein are waived. **See In re Estate of Boyle**, **supra** at 679 (concluding issues were waived for failing to file a timely Rule 1925(b) statement).

In addition to filing an untimely Rule 1925(b) statement, Appellant failed to comply with the briefing requirements set forth in Pa.R.A.P. 2111-2119.

> [A]ppellate briefs and reproduced records must materially conform to the Pennsylvania Rules of Appellate Procedure. This Court may quash or dismiss an appeal if the appellant fails to conform to the requirements set forth in the Pennsylvania Rules of Appellate Procedure.

**Commonwealth v. Adams**, 882 A.2d 496, 497-98 (Pa. Super. 2005) (internal citations omitted). **See also** Pa.R.A.P. 2111-2119 (setting forth in detail the required content of appellate briefs). When a party's brief fails to conform to the requirements of the rules of appellate procedure, and the defects are substantial, this Court may, in its discretion, quash or dismiss the appeal pursuant to Pa.R.A.P. 2101.[1] **See Estate of Lakatosh**, 656 A.2d 1378 (Pa. Super 1995) (dismissing appeal for non-conformance).

---

[1] Pa.R.A.P. provides:

> Briefs and reproduced records shall conform in all material respects with the requirements of these rules as nearly as

"Although this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant." ***Commonwealth v. Lyons***, 833 A.2d 245, 251-252 (Pa. Super. 2003). Accordingly, a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court. ***Id***.

Our review of Appellant's brief exposes substantial violations of the Rules of Appellate Procedure: it does not contain a statement of jurisdiction, a statement of the scope and standard of review, a statement of questions involved, or a summary of Appellant's argument. ***See*** Pa.R.A.P. 2111(a)(1); (3); (4); (6); 2114; 2116; and 2118. Although Appellant's brief contains a section labeled "Statement of the Case," this section does not include a statement of the form of action; a brief procedural history; a statement of any prior determinations in the case; the names of the judge whose determination Appellant seeks to have reviewed; or a condensed chronological statement of the facts necessary to review the determination, as required by Pa.R.A.P. 2117. ***See*** Pa.R.A.P. 2117. The argument section of Appellant's brief consists of five enumerated paragraphs completely

---

the circumstances of the particular case will admit, otherwise they may be suppressed, and, if the defects are in the brief or reproduced record of the appellant and are substantial, the appeal or other matter may be quashed or dismissed.

Pa.R.A.P. 2101.

devoid of, among other things, any citation to supporting authority or reference to the record. **See** Pa.R.A.P. 2119(b); (c). "The Rules of Appellate Procedure state unequivocally that each question an appellant raises is to be supported by discussion and analysis of pertinent authority. Failure to do so constitutes waiver of the claim." *Giant Food Stores, LLC v. THF Silver Spring Dev., L.P.*, 959 A.2d 438, 444 (Pa. Super. 2008) (citations omitted); Pa.R.A.P. 2119(a) and (b).

In the instant matter, Appellant has failed to comply in substantial respects with the Rules of Appellate Procedure. Because of the considerable defects, we are unable to perform effective appellate review.

Based on the foregoing, we are constrained to dismiss Appellant's appeal for failure to comply with our Rules of Appellate Procedure.

Appeal dismissed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/29/2016