J-S32039-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| EUGENE DEWS | : | |
| | : | |
| Appellant | : | No. 3606 EDA 2018 |

Appeal from the PCRA Order Entered November 13, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0201661-1990

BEFORE:  SHOGAN, J., NICHOLS, J., and MURRAY, J.

MEMORANDUM BY MURRAY, J.:                    **FILED JULY 15, 2019**

Eugene Dews (Appellant) appeals *pro se* from the order dismissing as

untimely his eighth petition filed under the Post Conviction Relief Act (PCRA),

42 Pa.C.S.A. §§ 9541-9546.  Following careful review, we affirm.

The procedural history underlying this appeal has been summarized by

this Court in a prior appeal:

> In November of 1990, the trial court convicted [Appellant] of
> murder in the first degree, robbery, theft by unlawful taking, and
> unauthorized use of a vehicle.  On December 11, 1991, the trial
> court imposed a sentence of life imprisonment [without parole] for
> the first degree murder conviction and a concurrent prison term
> of ten to twenty years for the robbery conviction.  This Court
> affirmed the judgment of sentence, and on December 29, 1992,
> our Supreme Court denied allowance of appeal.  ***Commonwealth
> v. Dews***, 617 A.2d 388 (Pa. Super. 1992) (unpublished
> memorandum).
>
> [Appellant] filed his first PCRA Petition, and, after appointing
> counsel, the PCRA court dismissed the Petition.  This Court
> affirmed on January 4, 1994, and our Supreme Court denied

allowance of appeal on April 26, 1994. ***Commonwealth v. Dews***, 640 A.2d 470 (Pa. Super. 1994) (unpublished memorandum). [Appellant] filed a series of three unsuccessful PCRA Petitions in 1995, 1996, and 2000, and this Court affirmed the Orders denying those Petitions.[FN 1]

On November 30, 2005, [Appellant], *pro se*, filed [ ] his fifth[ ] PCRA Petition. On September 17, 2006, the PCRA court denied the PCRA Petition as untimely, after issuing proper Notice pursuant to Pennsylvania Rule of Criminal Procedure 907.

---

[FN 1] ***See Commonwealth v. Dews***, 669 A.2d 408 (Pa. Super. 1995) (unpublished memorandum); 695 A.2d 435 (Pa. Super. 1997) (unpublished memorandum); 823 A.2d 1023 (Pa. Super. 2002) (unpublished memorandum).

***Commonwealth v. Dews***, 2803 EDA 2006, at *1-2 (Pa. Super. June 20, 2007) (unpublished memorandum).

On June 20, 2007, this Court affirmed the denial of Appellant's fifth PCRA petition. Appellant filed his sixth PCRA petition on June 2, 2008. The PCRA court issued its Rule 907 notice on September 9, 2009. Appellant filed a response, and, upon a careful review of the record, the PCRA court dismissed Appellant's sixth petition on October 22, 2009. Appellant did not appeal that decision.

On August 22, 2011, Appellant filed his seventh PCRA petition, seeking to have his collateral appeal rights reinstated in order to appeal the dismissal of his sixth PCRA petition. Appellant filed the instant *pro se* PCRA petition, his eighth, on May 15, 2012.[1] On September 4, 2012, Appellant filed a

---

[1] The record reflects that Appellant filed his seventh PCRA petition on August 22, 2011; however, it does not appear that any action was taken on that

- 2 -

supplemental petition, contending that ***Miller v. Alabama***, 132 S. Ct. 2455 (2012) (holding that sentences of mandatory life without parole for those under the age of eighteen at the time of their crimes violated the Eighth Amendment's prohibition on cruel and unusual punishments), entitled him to relief. ***See*** PCRA Petition, 9/4/12, at 2-13. Essentially, Appellant claimed that due to his difficult life circumstances and limited cognitive abilities, he was technically a juvenile eligible for the relief offered by ***Miller***, despite the fact that he was 24 years old when he committed murder. ***Id.*** On March 24, 2014, the PCRA court issued notice pursuant to Rule of Criminal Procedure 907, that it would dismiss the petition without a hearing because it was untimely and Appellant had not satisfied a time-bar exception. Appellant filed a *pro se* response to the court's notice on April 7, 2014.

No further action was taken on this case until February 12, 2016, when Appellant filed a second supplemental PCRA petition, asserting that the United States Supreme Court's decision in ***Montgomery v. Louisiana***, 136 S. Ct. 718 (2016) (extending ***Miller*** retroactively to juvenile offenders on collateral review), also entitled him to relief. On September 25, 2018 and October 17,

---

petition. Appellant filed the instant petition, his eighth, on May 15, 2012. While a PCRA court may not entertain a new PCRA petition when a prior petition is still under appellate review and, thus, is not final, nothing bars a PCRA court from considering a subsequent petition, even if a prior petition is pending, so long as the prior petition is not under appellate review. ***See Commonwealth v. Montgomery***, 181 A.3d 359, 365 (Pa. Super. 2018) (*en banc*). As Appellant's 2011 petition has never been under appellate review, the PCRA court was not barred from considering his 2012 petition.

2018, the PCRA court again issued its Rule 907 notice "after concluding from an assiduous review of the record that [Appellant's] PCRA petition was untimely and that none of the exceptions set forth in the PCRA excused the late filing. . . ." PCRA Court Opinion, 2/28/19, at 3. Appellant filed a response to the Rule 907 notice. On November 13, 2018, the PCRA court dismissed Appellant's petition as untimely.[2]

Appellant timely filed a notice of appeal. It does not appear that the PCRA court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). *See In re Estate of Boyle*, 77 A.3d 674, 676 (Pa. Super. 2013) (with regard to the preservation of Appellant's issues on appeal, it is the trial court's order that triggers an appellant's obligation under the rule).

On appeal, Appellant raises the following issue for our review:

_____

[2] Our Supreme Court "has condemned the unauthorized filing of supplements and amendments to PCRA petitions, and held that claims raised in such supplements are subject to waiver." *Commonwealth v. Reid*, 99 A.3d 470, 484 (Pa. 2014). However, where a petitioner has filed a supplement without leave of court and the PCRA court did not strike the supplement, but rather considered the supplement when it addressed the petitioner's argument, this Court has concluded that "the PCRA court implicitly permitted amendment under [Pennsylvania Rule of Criminal Procedure] Rule 905(A)." *Commonwealth v. Brown*, 141 A.3d 491, 503-04 (Pa. Super. 2016).

Here, Appellant filed two supplemental materials to his eighth PCRA petition. The PCRA court considered such materials and the Commonwealth did not object to the filings. Accordingly, we decline to find waiver and will consider not only Appellant's petition filed on May 15, 2012, but also the supplements filed on September 4, 2012 and February 12, 2015.

> DID THE POST CONVICTION COURT ERR IN RULING THAT THE PETITION AND AMENDMENTS WERE UNTIMELY FILED, AND FOR RULING ON THE MERITS OF THE CLAIMS WITHOUT FIRST HOLDING A MERITS HEARING TO DEVELOP THE RECORD[?]

Appellant's Brief at ii.

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. *See Commonwealth v. Ragan*, 923 A.2d 1169, 1170 (Pa. 2007). On appeal, we examine the issues raised in light of the record "to determine whether the PCRA court erred in concluding that there were no genuine issues of material fact and denying relief without an evidentiary hearing." *See Commonwealth v. Springer*, 961 A.2d 1262, 1264 (Pa. Super. 2008).

Instantly, we address the timeliness of Appellant's petition, as the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of Appellant's claims. *See Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for relief, including second and subsequent petitions, must be filed within one year of the date on which the judgment of sentence becomes final. *Id*. There are three exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).  Any petition attempting to invoke these exceptions "shall be filed within 60 days of the date the claim could have been presented."  42 Pa.C.S.A. § 9545(b)(2); *see Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 783 (Pa. 2000).[3]

Appellant's petition is untimely.  As previously noted by this Court, Appellant's judgment of sentence became final in 1993.  Appellant's instant PCRA petition was filed in 2012, nineteen years after his judgment of sentence became final.  Therefore, we are without jurisdiction to consider Appellant's appeal unless he has pled and proved one of the three timeliness exceptions. *See Bennett*, 930 A.2d at 1267.

Appellant attempts to invoke the constitutional right exception under Section 9545(b)(1)(iii) on the basis that the relief provided by *Miller* and made retroactive by *Montgomery* should extend to those 25 years old and under, because such offenders are still developmentally adolescents and

---

[3] Act 146 of 2018 amended 42 Pa.C.S.A. §9545(b)(2), effective December 2017, and now provides that a PCRA petition invoking a timeliness exception must be filed within **one year** of the date the claim could have been presented.  Previously, a petitioner had 60 days from when the claim could have been presented.  *See* Act 2018, Oct. 24, P.L. 894, No. 146, §2 and §3.  As Appellant's petition was filed in May 2012, and supplemented in September 2012 and February 2016, this change does not impact Appellant or our analysis.

possess the age-related characteristics of youth that must be considered prior to the imposition of a sentence of life without parole. *See* Appellant's Brief at 1-5. Additionally, because Appellant filed his petition within 60 days of the *Montgomery* ruling, he has ostensibly satisfied the requirements of Sections 9545(b)(1)(iii) and (2).

This Court recently re-examined this issue *en banc* in *Commonwealth v. Lee*, 206 A.3d 1, (Pa. Super. 2019) (*en banc*). In *Lee*, the defendant was 18 years and nine-months old when she was involved in a robbery that resulted in the death of the intended victim. *Id.* at 3. Following the publication of *Montgomery*, Lee filed a PCRA petition arguing that she was a "virtual minor" at the time of the commission of her crime and that "the rationale underlying the *Miller* holding, including consideration of characteristics of youth and age-related facts identified as constitutionally significant by the *Miller* Court, provides support for extending the benefit of *Miller* to her case." *Id.* Ultimately, this Court concluded that Lee had not satisfied a time bar exception, observing:

> It is not this Court's role to override the gatekeeping function of the PCRA time-bar and create jurisdiction where it does not exist. The PCRA's time limitations "are mandatory and interpreted literally; thus, a court has no authority to extend filing periods except as the statute permits." *Commonwealth v. Fahy*, [737 A.2d 214, 222 (Pa. Super.] 1999). The period for filing a PCRA petition "is not subject to the doctrine of equitable tolling." *Id.*
>
> We recognize the vast expert research on this issue. If this matter were one of first impression and on direct appeal, we might expound differently. However, we are an error-correcting court. Until the United States Supreme Court or the Pennsylvania

Supreme Court recognizes a new constitutional right in a non-juvenile offender, we are bound by precedent. We conclude, as we did in **Commonwealth v. Montgomery** [181 A.3d 359 (Pa. Super. 2018)], [**Commonwealth v. Furgess**, 149 A.3d 90 (Pa. Super. 2016)], and [**Commonwealth v. Cintora**, 69 A.3d 759 (Pa. Super. 2013) *abrogation on other grounds recognized in* **Furgess**, *supra*, at 94], that age is the sole factor in determining whether **Miller** applies to overcome the PCRA time-bar and we decline to extend its categorical holding.

**Lee**, 206 A.3d at 11 (footnote omitted).

Accordingly, Appellant has failed to successfully plead or prove that he meets the new constitutional right exception to the timeliness requirements of the PCRA, 42 Pa.C.S.A. § 9545(b)(2)(iii), and the PCRA court did not err in dismissing his petition. **See** 42 Pa.C.S.A. § 9545(b); **Bennett**, 930 A.2d at 1267; **Ragan**, 923 A.2d at 1170; **Lee**, 206 A.3d at 11.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/15/19