J-S45019-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANDREW WARE | : | |
| | : | |
| Appellant | : | No. 31 EDA 2019 |

Appeal from the Order Entered November 19, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0013506-2012

BEFORE: BENDER, P.J.E., MURRAY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY MURRAY, J.: **FILED AUGUST 09, 2019**

Andrew Ware (Appellant) appeals *pro se* from the order dismissing his second petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. Upon review, we affirm.

In Appellant's direct appeal, this Court stated:

[Appellant] entered a negotiated guilty plea to murder in the third degree, possession of an instrument of crime, violations of the Uniform Firearms Act, and two counts of recklessly endangering another person, in exchange for an aggregate sentence of 30 to 60 years' imprisonment.

*Commonwealth v. Ware*, 30 EDA 2014, at *1 (Pa. Super. Feb. 24, 2015) (unpublished memorandum) (footnote omitted). This Court affirmed Appellant's judgment of sentence, noting that the "case is simply not a 'borderline' case, given that [Appellant] offered no facts in support of his

---

[*] Retired Senior Judge assigned to the Superior Court.

contention in his motion that he did not enter his plea knowingly, voluntarily or intelligently." *Id.* at *5. Appellant petitioned for allowance of appeal, which the Pennsylvania Supreme Court denied on November 2, 2015. *Commonwealth v. Ware*, 126 A.3d 1285 (Pa. 2015).

On August 15, 2016, Appellant filed his first PCRA petition. The PCRA court appointed counsel, who filed a *Turner/Finley*[1] no-merit letter and motion to withdraw as counsel on April 10, 2017. The PCRA court issued notice of its intent to dismiss the petition pursuant to Pennsylvania Rule of Criminal Procedure 907 on May 5, 2017. The PCRA court dismissed the petition on June 9, 2017, and granted counsel's request to withdraw from representation. Appellant did not appeal that decision.

On November 2, 2017, Appellant filed the underlying *pro se* PCRA petition, his second. The PCRA court issued its Rule 907 notice on October 23, 2018, and dismissed the petition on November 19, 2018.[2] Appellant filed this *pro se* appeal. Appellant filed a concise statement of matters complained of on appeal and the PCRA court issued an opinion, although the record indicates that the PCRA court did not order the filing of a concise statement. *See In re Estate of Boyle*, 77 A.3d 674, 676 (Pa. Super. 2013) (with regard

---

[1] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[2] The docket reflects that the delay was due to multiple continuances and five "assignments of judge."

to the preservation of Appellant's issues on appeal, it is the trial court's order that triggers an appellant's obligation under the rule).

Instantly, Appellant raises several claims on appeal. He assails the validity of his guilty plea and sentence, and challenges trial counsel's effectiveness and the trial court's failure to allow Appellant "to present mitigating evidence." **See** Appellant's Brief at iv, vi.

However, before addressing Appellant's claims, we must examine the timeliness of Appellant's petition, as the PCRA's time bar implicates our jurisdiction and may not be disregarded. **See Commonwealth v. Bennett**, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for relief, including second and subsequent petitions, must be filed within one year of the date on which the judgment of sentence becomes final. **Id**. There are three exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke these exceptions "shall be filed within 60 days of the date the claim could have been

presented." 42 Pa.C.S.A. § 9545(b)(2); *see Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 783 (Pa. 2000).[3]

Upon review, we agree with the Commonwealth that Appellant's petition is untimely.[4] *See* Commonwealth Brief at 4-7. The Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on November 2, 2015. Appellant did not seek a writ of *certiorari* with the United States Supreme Court. Therefore, Appellant's judgment of sentence became final on February 1, 2016, when the 90 day period for Appellant to file a petition for a writ of *certiorari* expired. *See* 42 Pa.C.S.A. § 9545(b)(3) (stating, "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review[ ]"); U.S. Sup. Ct. R. 13(1) (stating "a petition for a writ of *certiorari* to review a judgment in any case … is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment[ ]").

---

[3] Act 146 of 2018 amended 42 Pa.C.S.A. §9545(b)(2), effective December 2017, and provides that a PCRA petition invoking a timeliness exception must be filed within one year of the date the claim could have been presented. Previously, a petitioner had 60 days from when the claim could have been presented. *See* Act 2018, Oct. 24, P.L. 894, No. 146, §2 and §3. As Appellant's petition was filed on November 2, 2017, the change does not impact Appellant or our analysis.

[4] Although the PCRA court addressed the merits of Appellant's issues in its January 25, 2019 opinion, "we may affirm the PCRA court's decision on any basis." *Commonwealth v. Charleston*, 94 A.3d 1012, 1028 (Pa. Super. 2014) (quotations and citation omitted).

- 4 -

Appellant had one year— until February 1, 2017 — to timely file his PCRA petition. As Appellant filed the petition on November 2, 2017, it is untimely, and we are without jurisdiction to consider the merits of Appellant's appeal unless he has pled and proved one of the three timeliness exceptions. *See Bennett*, 930 A.2d at 1267.

Our review reveals that Appellant focuses on the merits of his claims, without pleading and proving that he qualifies for an exception to the PCRA's time bar. *See* PCRA Petition, 11/2/17; *see also* Appellant's Brief at vi – 10. Accordingly, we lack jurisdiction to examine the merits of the claims Appellant presents on appeal.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/9/19