J-S02012-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| RUTH WALKER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GIANT FOODS | : | No. 1218 MDA 2019 |

Appeal from the Order Entered June 21, 2019
In the Court of Common Pleas of York County Civil Division at No(s):
2018-SU-002776

BEFORE:  BENDER, P.J.E., KING, J., and MUSMANNO, J.

MEMORANDUM BY BENDER, P.J.E.:               **FILED APRIL 22, 2020**

Appellant, Ruth Walker, appeals from the order dated June 20, 2019 and entered on June 21, 2019, by the Court of Common Pleas of York County, which granted Appellee's, Giant Foods, motion for judgment on the pleadings and dismissed Ms. Walker's claims with prejudice.  After careful review, we affirm.

The trial court has provided the following factual summary and procedural history of this case:

> [Ms. Walker] is an adult individual who resides in York County, Pennsylvania.  [Giant Foods] is a Delaware limited liability company that is authorized to conduct business in the Commonwealth of Pennsylvania and has a business address located at 1255 Carlisle Road, York, Pennsylvania 17404.

> [Ms. Walker] commenced this action via writ of summons filed on October 22, 2018.  On November 15, 2018, [Giant Foods'] counsel entered their appearance and issued a rule to file [a] complaint on [Ms. Walker].  On December 31, 2018, [Ms. Walker] filed her complaint against [Giant Foods] for an alleged slip-and-

fall accident that occurred on October 17, 2016, at [Giant Foods'] grocery store located at 1255 Carlisle Road, York, Pennsylvania 17404. On January 22, 2019, [Giant Foods] filed its answer with new matter and the required notice to plead within twenty days, and [it] asserted the affirmative defense of the statute of limitations along with other affirmative defenses. No response was filed by [Ms. Walker] to the new matter until June 7, 2019, apparently without agreement of the parties or leave of court. (***See*** Pa.R.C.P. 1026 and 248).

On April 24, 2019, [Giant Foods] filed its motion for judgment on the pleadings and an accompanying brief in support. On May 7, 2019, [Ms. Walker] filed [her] answer to [Giant Foods'] motion for judgment on the pleadings.

Trial Court Order ("TCO"), 6/21/19, at 1-2 (unnecessary capitalization omitted).

The trial court entered an order on June 21, 2019, granting Giant Foods' motion for judgment on the pleadings and dismissing Ms. Walker's claims with prejudice. Ms. Walker filed a timely notice of appeal on July 22, 2019. On July 23, 2019, the trial court directed Ms. Walker to file a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b), but she failed to comply.

Ms. Walker now presents the following issues for our review on appeal:

1. Whether [Ms. Walker] admitted to allegations stated in [Giant Foods'] new matter due [to] her alleged failure to file a timely response[?]

2. Whether [Giant Foods] is entitled to a judgment on the pleadings due to [Ms. Walker's] alleged failure to bring her action within the applicable statute of limitations[?]

Ms. Walker's Brief at 2.

Before addressing the merits of Ms. Walker's claims, we must evaluate whether she has properly preserved these issues for our review, as required

by Pa.R.A.P. 1925(b). *See Commonwealth v. Lord*, 719 A.2d 306, 309 (Pa. 1998) ("[F]rom this date forward … [a]ppellants must comply whenever the trial court orders them to file a [s]tatement of [errors] [c]omplained of on [a]ppeal pursuant to Rule 1925. Any issues not raised in a 1925(b) statement will be deemed waived."); *see also* Pa.R.A.P. 1925(b)(4)(vii) (providing that any issues not raised in an appellant's Rule 1925(b) statement "are waived").

The bright-line rule first set forth in *Lord*, which demands strict adherence to the requirements of Rule 1925(b), has been re-affirmed by our Supreme Court. *See Commonwealth v. Schofield*, 888 A.2d 771, 774 (Pa. 2005) (stating that the "failure to comply with the minimal requirements of [Rule] 1925(b) will result in automatic waiver of the issues raised"); *Commonwealth v. Castillo*, 888 A.2d 775, 780 (Pa. 2005) (finding that the appellant waived all of his claims on appeal for untimely filing his Rule 1925(b) statement) (citing *Lord*, 719 A.2d at 309)). Waiver shall occur even where the trial court ignores the untimeliness of a Rule 1925(b) statement and addresses the merits of an appeal. *Greater Erie Industrial Development Corp. v. Presque Isle Downs, Inc.*, 88 A.3d 222, 224-25 (Pa. Super. 2014) (*en banc*) (recognizing that our Supreme Court "specifically removed our authority to allow … discretionary review").

"In determining whether an appellant has waived his issues on appeal based on non-compliance with [Rule] 1925, it is the trial court's order that triggers an appellant's obligation…. [T]herefore, we look first to the language of that order." *Id.* at 225 (quoting *In re Estate of Boyle*, 77 A.3d 674, 676

(Pa. Super. 2013) (citing **Berg v. Nationwide Mutual Ins. Co.**, 6 A.3d 1002, 1007-08 (Pa. 2010))). The pertinent requirements for the trial court's order are set forth in Rule 1925(b) as follows:

(b) **Direction to file statement of errors complained of on appeal; instructions to the appellant and the trial court.**—If the judge entering the order giving rise to the notice of appeal ("judge") desires clarification of the errors complained of on appeal, the judge may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal ("Statement").

*** 

(2) *Time for filing and service.*—The judge shall allow the appellant at least 21 days from the date of the order's entry on the docket for the filing and service of the Statement. Upon application of the appellant and for good cause shown, the judge may enlarge the time period initially specified or permit an amended or supplemental Statement to be filed. Good cause includes, but is not limited to, delay in the production of a transcript necessary to develop the Statement so long as the delay is not attributable to a lack of diligence in ordering or paying for such transcript by the party or counsel on appeal. In extraordinary circumstances, the judge may allow for the filing of a Statement or amended or supplemental Statement *nunc pro tunc*.

(3) *Contents of order*.—The judge's order directing the filing and service of a Statement shall specify:

(i) the number of days after the date of entry of the judge's order within which the appellant must file and serve the Statement;

(ii) that the Statement shall be filed of record;

(iii) that the Statement shall be served on the judge pursuant to paragraph (b)(1);

(iv) that any issue not properly included in the Statement timely filed and served pursuant to subdivision (b) shall be deemed waived.

Pa.R.A.P. 1925(b).

Here, the record reveals that the trial court issued an order on July 23, 2019, directing Ms. Walker to comply with Rule 1925(b) and to:

[F]ile of record and serve on the undersigned Judge, a concise statement of errors complained of on appeal no later than twenty-one (21) days after the entry date of this order. A failure to comply with this direction may be considered by the Superior Court as a waiver of all objections to the Order, ruling, or matter complained of.

Order, 7/23/19, at 1. We conclude that this order is in compliance with Rule 1925(b). *See Commonwealth v. Medina*, 209 A.3d 992 (Pa. Super. 2019) (determining that the trial court's order warning the appellant that a failure to comply with its direction to file a 1925(b) statement "may be considered by the appellate court as a waiver of all objections to the Order, ruling or other matters complained of" complied with Rule 1925(b)(3)(iv)). Moreover, the docket indicates that the parties were properly notified of the entry of the order on the same date, pursuant to Pa.R.C.P. 236(b).

As the trial court complied with the requirements of Rule 1925(b), Ms. Walker's failure to file and serve upon the trial court a statement of errors complained of on appeal is fatal. *See Castillo*, 888 A.2d at 780. This is true despite the trial court's filing of a statement of the reasons for its decision, pursuant to Rule 1925(a). *See Greater Erie Industrial Development*

***Corp.***, 88 A.3d at 225. Thus, we are constrained to deem all of Ms. Walker's issues on appeal waived.[1]

Accordingly, we affirm the June 21, 2019 order granting Giant Foods' motion for judgment on the pleadings and dismissing Ms. Walker's claims with prejudice.

Order affirmed.

---

[1] Even if Ms. Walker's arguments had been preserved, we would have concluded that the trial court properly granted Giant Foods' motion for judgment on the pleadings and dismissed her claims with prejudice, on the ground that her claims were time-barred and she could not recover as a matter of law. "In Pennsylvania, a cause of action for negligence is controlled by the two-year statute of limitations set forth in 42 Pa.C.S.[] § 5224(2). The statute of limitations begins to run as soon as the rights to institute and maintain a suit arises[.]" ***Hubert v. Greenwald***, 743 A.2d 977, 981 (Pa. Super. 1999). Moreover, if a plaintiff fails to respond to new matter within 20 days, the averment of facts must be taken as admitted, the pleadings are closed and a motion for judgment on the pleadings under Rule 1034 is proper. ***See Newspaper Guild of Greater Philadelphia, AFL-CIO v. Philadelphia Daily News, Inc.***, 164 A.2d 215, 218 (Pa. 1960).

Here, Giant Foods averred in its new matter that Ms. Walker's claims were barred due to her failure to initiate her negligence action within the applicable two-year statute of limitations under 42 Pa.C.S. § 5524. Because Ms. Walker did not file her response to new matter until *nearly six months after* the filing of Giant Foods' answer and new matter, the averments in the new matter were properly deemed admitted by the trial court. ***See*** TCO at 4. "Looking at the uncontested allegations in the relevant pleadings, it can be determined that on October 17, 2016, [Ms. Walker] was involved in an incident at [Giant Foods'] store. [Ms. Walker] had cause to bring suit on that date, but failed to do so until October 22, 2018." ***Id.*** at 5. As the trial court observed, "October 17, 2018 was neither a court holiday nor a weekend, so [her] suit could have been filed on that date, but [it] was not. Therefore, her claim is barred by the statute of limitations." ***Id.*** at 5-6.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>04/22/2020</u>