J-S37003-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JOSE ANTONIO CRUZ | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| GLENNIS L. CLARK | : | |
| | : | |
| Appellant | : | No. 159 EDA 2020 |

Appeal from the Order Dated December 13, 2019
In the Court of Common Pleas of Lehigh County Civil Division at No(s):
No. 2017-C-2672

| | | |
|---|---|---|
| JOSE ANTONIO CRUZ | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| GLENNIS L. CLARK | : | No. 387 EDA 2020 |

Appeal from the Judgment Entered on February 21, 2020.
In the Court of Common Pleas of Lehigh County Civil Division at No(s):
2017-C-2672

BEFORE: SHOGAN, J., NICHOLS, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY SHOGAN, J.: **FILED DECEMBER 1, 2020**

After review of these consolidated appeals, we affirm the December 13, 2019 order in the appeal at Superior Court Docket Number 159 EDA 2020, and we affirm February 21, 2020 judgment in the appeal at Superior Court Docket Number 387 EDA 2020. By way of background, we note that prior to the civil action underlying these consolidated appeals, Attorney Glennis L.

Clark ("Clark") represented Jose Antonio Cruz ("Cruz")[1] in a criminal matter in 2011. Complaint, 8/29/17. At the conclusion of the criminal trial, Cruz was found guilty and incarcerated. *Id.* On August 29, 2017, Cruz filed a *pro se* complaint against Clark for legal malpractice and breach of contract in connection with Clark's representation of Cruz in the criminal matter. Clark failed to file a timely response to Cruz's complaint, and on October 19, 2017, the trial court entered a default judgment in favor of Cruz and against Clark in the amount of $17,200.

On October 30, 2017, Clark filed an answer with new matter and counterclaim, and on October 31, 2017, he filed a petition to open or strike the default judgment. On November 6, 2017, the trial court granted Clark's petition and struck the default judgment.

On December 7, 2017, Cruz appealed the order striking the default judgment. Clark filed an application to quash Cruz's appeal on January 30, 2018. On February 21, 2018, this Court granted Clark's application and quashed Cruz's appeal. Order, 2/21/17.[2] Therefore, the matter returned to the trial court.

On December 17, 2018, Cruz filed a motion for summary judgment. On April 23, 2019, Cruz filed a motion for sanctions against Clark pursuant to

---

[1] Cruz has proceeded *pro se* throughout the litigation and appeals of these civil matters.
[2] Cruz's prior appeal appeared at Superior Court docket number 3993 EDA 2017.

Pa.R.C.P. 1023.1-1023.4. In his motion for sanctions, Cruz alleged that Clark, as a party-defendant, filed documents in this matter without serving or notifying Cruz, a party-plaintiff, in violation of Pa.R.C.P. 1023.1-1023.4. Motion, 4/23/19, at 1-2. Clark did not respond to Cruz's motion for sanctions.

The trial court denied Cruz's motion for summary judgment on May 9, 2019, and held a hearing on June 10, 2019. On September 10, 2019, the trial court granted Cruz's motion for sanctions against Clark, and it ordered Clark to pay Cruz $350 on or before November 1, 2019.

On September 17, 2019, the trial court disposed of Cruz's August 14, 2017 complaint against Clark in favor of Clark. On October 1, 2019, Cruz filed a motion for post-trial relief and a request for transcripts. The trial court granted Cruz's motion for transcripts, and provided Clark until October 11, 2019, to file a post-trial motion. Order, 10/4/19.

On November 12, 2019, Cruz filed a motion asking the trial court to find Clark in contempt because Clark had not complied with the September 10, 2019 order to pay Cruz the $350. On November 17, 2019, Clark filed a motion asking the trial court to reconsider the September 10, 2019 order. In response, the trial court concluded that Clark's November 17, 2019 motion for reconsideration was filed more than thirty days after the September 10, 2019

order, divesting the trial court of jurisdiction to reconsider its prior order pursuant to 42 Pa.C.S. § 5505.[3]  Order, 11/25/19.

On November 26, 2019, Clark filed an answer to Cruz's November 12, 2019 motion.  Despite the trial court's November 25, 2019 order explaining that it lacked jurisdiction to reconsider the September 10, 2019 order, Clark filed a motion on December 3, 2019, again asking the trial court to reconsider the September 10, 2019 order.  On December 13, 2019, the trial court denied Clark's motion.  Order, 12/13/19 ("First December 13, 2019 Order").  In the First December 13, 2019 Order, the trial court reiterated that Clark filed his motion for reconsideration more than thirty days after the entry of the September 10, 2019 order.  *Id.*  The trial court filed a separate order on December 13, 2019, granting Cruz's motion for civil contempt.  Order, 12/13/19 ("Second December 13, 2019 Order").  The Second December 13, 2019 Order also enforced the September 10, 2019 order directing Clark to pay Cruz $350 and noted: "This Order is not intended to modify the terms of the September 10, 2019 Order."  *Id.* at n.1.

_____

[3] Section 5505 provides as follows: "Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed." 42 Pa.C.S. § 5505.

On January 3, 2020, the trial court denied Cruz's motion for post-trial relief. On that same day, Clark filed an appeal from the trial court's December 13, 2019 order.[4] Notice of Appeal, 1/3/20.

Clarks' appeal was docketed at Superior Court Docket Number 159 EDA 2020. On January 8, 2020, the trial court directed Clark to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). However, Clark filed his Pa.R.A.P. 1925(b) two days late on January 31, 2020. On January 30, 2020, the trial court filed its Pa.R.A.P. 1925(a) opinion concluding that Clark waived all of his issues on appeal due to his failure to file a timely Pa.R.A.P. 1925(b) statement.[5] Trial Court Opinion, 1/30/20, at 1-2.

On January 13, 2020, Cruz filed an appeal from the trial court's September 17, 2019 order that was entered in favor of Clark and against Cruz in Cruz's legal malpractice suit. Cruz's appeal was docketed at Superior Court Docket Number 387 EDA 2020. On January 23, 2020, the trial court directed

---

[4] Although Clark states in his notice of appeal that he is appealing one of the December 13, 2019 orders, Clark inexplicably attached to his notice of appeal the January 3, 2020 order denying Cruz's post-trial motion.

[5] After Clark filed his untimely Pa.R.A.P. 1925(b) statement, the trial court filed a supplemental opinion reiterating its conclusion that Clark waived his issues on appeal. However, the trial court briefly addressed the issues Clark sought to raise in case this Court disagreed with the trial court's finding of waiver and Clark's violation of the bright-line rule concerning waiver due to an untimely Pa.R.A.P. 1925(b) statement. Supplemental 1925(a) Opinion, 2/12/20, at 3-5.

Cruz to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Cruz complied on February 5, 2020. The trial court filed its Pa.R.A.P. 1925(a) opinion on February 12, 2020.

On February 10, 2020, this Court informed Cruz that no judgment had been entered on the September 17, 2019 verdict in favor of Clark in Cruz's legal malpractice action. We issued an order on February 10, 2020, directing Cruz to praecipe for the entry of judgment. Cruz complied, and the trial court entered judgment in favor of Clark and against Cruz on February 21, 2020.[6]

On February 7, 2020, Cruz filed a motion to consolidate the appeals at 159 EDA 2020 and 387 EDA 2020. On March 11, 2020, this Court granted Cruz's motion and consolidated the appeals.

In Clark's appeal at 159 EDA 2020, we conclude that he failed to properly preserve any issues for appeal. As the trial court noted, Clark failed to file a timely court-ordered Pa.R.A.P. 1925(b) statement of errors complained of on appeal and waived his issues for appellate review. Trial Court Opinion, 1/30/20, at 1-2; Supplemental 1925(a) Opinion, 2/12/20, at 1-3. Rule 1925 provides that "[i]ssues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are

---

[6] An appeal in a civil case in which post-trial motions are filed lies from the entry of judgment. *K.H. v. J.R.*, 826 A.2d 863, 871 (Pa. 2003). As stated, judgment was entered on February 21, 2020. We have corrected the appeal paragraph in 387 EDA 2020 accordingly.

waived." Pa.R.A.P. 1925(b)(4)(vii). In **Commonwealth v. Lord**, 553 Pa. 415, 719 A.2d 306 (1998), our Supreme Court held that "from this date forward, in order to preserve their claims for appellate review, [a]ppellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Rule 1925. Any issues not raised in a 1925(b) statement will be deemed waived." **Lord**, 719 A.2d at 309; **see also Commonwealth v. Castillo**, 585 Pa. 395, 888 A.2d 775, 780 (2005) (stating any issues not raised in a Rule 1925(b) statement are deemed waived). This Court has held that "[o]ur Supreme Court intended the holding in Lord to operate as a bright-line rule, such that 'failure to comply with the minimal requirements of Pa.R.A.P. 1925(b) will result in **automatic waiver** of the issues raised.'" **Greater Erie Indus. Dev. Corp. v. Presque Isle Downs**, Inc., 88 A.3d 222, 224 (Pa. Super. 2014) (*en banc*) (emphasis in original) (internal quotation marks and citation omitted). Due to Clark's failure to comply with Pa.R.A.P. 1925(b), all of his issues are waived.[7]

---

[7] In criminal cases, the untimely filing of a court-ordered Pa.R.A.P. 1925(b) statement resulting in waiver is *per se* ineffective assistance of counsel, and the defendant is entitled to prompt relief. **In re Estate of Boyle**, 77 A.3d 674, 679 n.6 (Pa. Super. 2013) (citing **Commonwealth v. Burton**, 973 A.2d 428, 432-433 (Pa. Super. 2009) and Pa.R.A.P. 1925(c)(3)). "However, the instant case is a civil matter, in which the parties have no corresponding right to counsel and effective assistance of counsel." **Boyle**, 77 A.3d at 679 n.6.

Therefore, we affirm the December 13, 2019 order that Clark purports[8] to appeal.[9]

In Cruz's appeal at 387 EDA 2020, we are constrained to conclude that there are no issues for this Court to review.

> Our Pennsylvania Rules of Appellate Procedure and our case law provide the well-established requirements for preserving a claim for appellate review. **See** Pa.R.A.P. 2111-2119 (discussing required content of appellate briefs and addressing specific requirements of each subsection of brief on appeal). An appellate court will address only those issues properly presented and developed in an appellant's brief as required by our Rules of

---

[8] It remains unclear which December 13, 2019 order Clark seeks to appeal.

[9] Were we to endeavor to reach the merits of Clark's appeal, we conclude that there would be a number of barriers to appellate review. In his notice of appeal, Clark did not specify which December 13, 2019 order he sought to appeal, and he instead attached an order that was filed on January 3, 2020. In both his untimely Pa.R.A.P. 1925(b) statement, and in his brief on appeal, Clark challenges aspects of the September 19, 2019 order and both of the December 13, 2019 orders. Appealing separate orders in a single notice of appeal is improper pursuant to **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018). Moreover, in our February 25, 2020 order to show cause, we explained that it was not clear which order Clark challenged on appeal. Order, 2/25/20. In his response to the order to show cause, Clark conceded deficiencies in his filings but alleged that his issues "are preserved reasonably well in the 1925(b) concise statement of matters complained of on appeal." Clark's Response to Rule, 3/5/20, at unnumbered 2-3. However, in Clark's untimely Pa.R.A.P. 1925(b) statement, he challenged aspects of the September 10, 2019 order and both of the December 13, 2019 orders. We reiterate that Clark filed a single appeal and this is improper pursuant to **Walker**, **supra**. Additionally, in his March 5, 2020 Response to Rule, Clark attempts to narrow the focus of his appeal, and he alters and restates the issues raised in his untimely Pa.R.A.P. 1925(b) statement. **Id.** at unnumbered 2. This is wholly improper. As stated, issues not raised in the Rule 1925(b) statement are waived; moreover, issues not raised in the trial court are waived and cannot be raised for the first time on appeal. **Estate of Boyle**, 77 A.3d at 679; Pa.R.A.P. 302(a).

Appellate Procedure, Pa.R.A.P. 2101. Where defects in a brief "impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived." ***Commonwealth v. Hardy***, 918 A.2d 766, 771 (Pa. Super. 2007). ***See also Commonwealth v. Williams***, 557 Pa. 207, 732 A.2d 1167, 1175 (1999) (recognizing "the unavailability of relief based upon undeveloped claims for which insufficient arguments are presented on appeal"); ***Commonwealth v. McDermitt***, 66 A.3d 810, 814 (Pa. Super. 2013) (stating "[i]t is a well settled principle of appellate jurisprudence that undeveloped claims are waived and unreviewable on appeal." (citation omitted)). As this Court has made clear, we "will not act as counsel and will not develop arguments on behalf of an appellant." ***Hardy***, 918 A.2d at 771.

***Sephakis v. Pennsylvania State Police Bureau of Records and Identification***, 214 A.3d 680, 686-687 (Pa. Super. 2019).

Although Cruz filed a motion to consolidate these appeals, and despite this Court granting Cruz an extension of time in which to file his brief as the appellant in 387 EDA 2020, Cruz submitted no argument relative to this docket. In his consolidated brief, Cruz argues only as the appellee in the appeal filed by Clark at 159 EDA 2020. Cruz has not provided any argument as the appellant in his appeal at 387 EDA 2020. Accordingly, due to the absence of argument, we conclude that Cruz waived his issues on appeal. ***Sephakis***, 214 A.3d at 686-687. Therefore, we affirm the February 21, 2020 judgment entered on the September 17, 2019 verdict in favor of Clark.

Order affirmed at Docket Number 159 EDA 2020. Judgment affirmed at Docket Number 387 EDA 2020.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/01/2020