J-S12018-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellant :
:
:
v. :
:
:
GEOVONNE HOLMES : No. 1730 MDA 2022

Appeal from the Order Entered November 21, 2022
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0002255-2021

BEFORE:   KUNSELMAN, J., McCAFFERY, J., and COLINS, J.[*]

DISSENTING MEMORANDUM BY KUNSELMAN, J.:

**FILED: OCTOBER 12, 2023**

I respectfully dissent, as I would find that the Commonwealth impermissibly changed its suppression argument on appeal.

Holmes' suppression motion turned on whether police reasonably suspected that anyone in the vehicle was armed and dangerous. Officer Fortin testified that he suspected as much based on all his observations as well as evidence that Holmes had prior contacts where he possessed a firearm. N.T., 11/3/22, at 12. The suppression court concluded that the Commonwealth had not demonstrated reasonable suspicion:

> When the officer initiated the traffic stop, there was no evidence presented by the officer at the hearing for any reasonable suspicion that the vehicle occupants were armed and dangerous. Although [Holmes] acted nervous during the encounter and

---

[*] Retired Senior Judge assigned to the Superior Court.

moved while the officer was out of range, the Commonwealth did not present any facts supporting an objective reasonable belief that either individual in the vehicle presented a risk of being armed and dangerous.

Statement of Findings of Fact and Conclusions of Law, 11/21/22, at 7 ¶ 16.

The suppression court did not render a factual finding that police knew that Holmes had a prior contact where he possessed a firearm. ***See id.*** at 1–2.

After the Commonwealth filed a notice of appeal, the suppression court directed it to file a concise statement of errors complained of on appeal. ***See*** Pa.R.A.P. 1925(b). The order stated: "Failure to comply with this Order may be considered a waiver of all objections to the order, ruling, or other matter complained of." Order, 12/21/22.

In response to the suppression court's order for a concise statement of errors, the Commonwealth stated its suppression claim as:

The trial court erred in suppressing the items seized from the fanny pack as part of the protective sweep of the vehicle because under the totality of the circumstances the police officer had reasonable suspicion to believe the occupants were armed and dangerous ***based on the driver's extreme nervousness, the "blading" position of the driver's body on first approach, and the furtive movements lasting forty-five (45) seconds while the officer was back in his car***.

Concise statement, 1/3/23 (emphasis added).

Accordingly, the suppression court explained why the three identified factors (Holmes' nervousness, position, and movements) did not provide reasonable suspicion that the vehicle occupants were armed and dangerous. Suppression Court Opinion, 1/19/23, at 7, 11–14 ("[T]he Commonwealth asserts three specific 'facts' that, when viewed in their totality, provided

- 2 -

Officer Fortin with the requisite reasonable suspicion to perform the wingspan search.").  It concluded that "view[ing] each of these three purported 'facts' in the totality of the circumstances," the officers lacked reasonable suspicion to justify a wingspan search and searched the car only because they did not know who the driver was.  *Id.* at 14.

Now, on appeal, the Commonwealth frames its suppression issue as:

Did the trial court err in suppressing the items seized from the fanny pack as part of the protective sweep of the vehicle because under the totality of the circumstances the police officer had reasonable suspicion to believe the occupants were armed and dangerous *based on all of the officer's observations and experience*?

Commonwealth's Brief at 4 (capitalization removed, emphasis added).

Our Supreme Court has long held that an appellant waives any issues not included in a concise statement of matters complained of on appeal. *Commonwealth v. Lord*, 719 A.2d 306, 309 (Pa. 1998); *Commonwealth v. Dowling*, 778 A.2d 683, 686 (Pa. Super. 2001).[1]  A Rule 1925(b) statement is "deemed to include every subsidiary issue that was raised in the trial court." Pa.R.A.P. 1925(b)(4)(v); *see Commonwealth v. Price*, 284 A.3d 165, 170 (Pa. 2022).  However, an appellant cannot "expand the issues raised during [an] appeal" to an issue that is "separate and distinct from the stated issue"

---

[1] There is an exception to waiver where the trial court's order for a concise statement does not comply with Rule 1925(b).  *See In re Estate of Boyle*, 77 A.3d 674, 676–78 (Pa. Super. 2013) (citing *In re L.M.*, 923 A.2d 505, 509–10 (Pa. Super. 2007)).  Here, the language of the suppression court's order was virtually identical to that in *Commonwealth v. Medina*, 209 A.3d 992, 997 (Pa. Super. 2019), which we held to comply with Rule 1925(b). Therefore, the *Lord* waiver rule applies.

in the concise statement. *Price*, 284 A.3d at 171–72 (citing *Commonwealth v. Hernandez*, 242 A.3d 452, 2020 WL 6939662 (Pa. Super. 2020) (non-precedential decision)).

For example, if the Commonwealth asserts in its concise statement that a search was supported by probable cause, it cannot then argue on appeal that the fruits of the search would have been inevitably discovered. *Id.* at 174. More on point, if the Commonwealth appeals an order suppressing the fruits of a warrantless search, it waives any argument that the search is valid for a reason that it did not include in its concise statement. *E.g.*, *Commonwealth v. Newman*, 84 A.3d 1072, 1078 (Pa. Super. 2014).

Here, the Commonwealth's concise statement says that the suppression court erred "because under the totality of the circumstances the police officer had reasonable suspicion to believe the occupants were armed and dangerous **based on**" three factors. Concise statement, 1/3/23 (emphasis added). Notably, the suppression court referenced each of these factors in its initial decision. Statement of Findings of Fact and Conclusions of Law, 11/21/22, at 3, 7. In its Rule 1925(a) opinion, the court then thoroughly explained its treatment of these three factors. Suppression Court Opinion, 1/19/23, at 7, 11–14.

I read the Commonwealth's concise statement as the suppression court did: a claim that the three specific factors provided reasonable suspicion that

the occupants of the vehicle were armed and dangerous. *Id.* at 11–12.[2] The concise statement does not say that police had reasonable suspicion "based on" any other factor. Nor does it say that the court erred by finding facts contradictory to the evidence at the hearing or by omitting any mention of Holmes' previous firearm possession.

By contrast, the Commonwealth's first issue in its appellate brief asserts that police had reasonable suspicion "based on all of the officer's observations and experience." Commonwealth's Brief at 4 (capitalization removed). The Commonwealth goes on to argue that the suppression court erred based on numerous factors in addition to Holmes' nervousness, position, and movement. *Id.* at 16–18 (also listing Holmes' ignorance of whose car he was driving, Holmes' lack of a license or positive proof of identity, the passenger's odd way of putting on shorts, and Holmes' prior contact with possession of a firearm).

Based on these additional factors, I read the Commonwealth's first issue in its brief to impermissibly expand from the issue in the concise statement. It expands the list of factors that arguably support reasonable suspicion beyond those that the suppression court addressed—or even those that the suppression court found as fact. As such, I would conclude that the

_____

[2] Reasonable suspicion depends on a "totality of the circumstances." *Interest of T.W.*, 261 A.3d 409, 423 (Pa. 2021) (citing *Commonwealth v. Brown*, 996 A.2d 473, 477 (Pa. 2010)). Here, the Commonwealth's concise statement specified which three circumstances it deemed relevant in that totality.

Commonwealth waived its first appellate issue. **Lord**, **supra**; **Newman**, **supra**. Thus, I respectfully dissent.

On the Commonwealth's second issue, I would agree with the parties and the trial court that the grant of *habeas corpus* relief was premature.