Filed 11/07/2025

KENNETH DALE SELLERS, II      :   IN THE SUPERIOR COURT OF
                             :        PENNSYLVANIA
           Appellant       :
                             :   Northumberland County Civil
                             :   Division
           v.                :   CV-2020-00928
                             :
                             :
ERIE INSURANCE EXCHANGE D/B/A    :
ERIE INSURANCE, THE BLESSING      :    No. 1431 MDA 2023
INSURANCE AGENCY, INC.           :

## <u>ORDER</u>

In light of this Court's October 28, 2025 Order granting the application to discontinue appeal, and this Court's November 3, 2025 Order denying the application to vacate merits panel's decision, this Court's November 5, 2024 panel decision is hereby **REINSTATED** and shall be considered as the decision of this Court filed October 28, 2025. ***See*** Superior Ct. O.P. 65.41(D)(3).

PER CURIAM

J-A19019-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| KENNETH DALE SELLERS, II | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| ERIE INSURANCE EXCHANGE D/B/A | : | No. 1431 MDA 2023 |
| ERIE INSURANCE, THE BLESSING | : | |
| INSURANCE AGENCY, INC. | : | |

Appeal from the Orders Entered September 7, 2023
In the Court of Common Pleas of Northumberland County Civil Division at
No(s): CV-2020-00928

BEFORE: PANELLA, P.J.E., LANE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY LANE, J.: **FILED: OCTOBER 28, 2025**

Kenneth Dale Sellers, II ("Sellers") appeals from the orders granting the motions for summary judgment filed by Erie Insurance Exchange d/b/a Erie Insurance ("Erie") and The Blessing Insurance Agency, Inc. ("Blessing"), and denying the cross-motion for summary judgment filed by Sellers. We affirm.

Given our disposition, a detailed recitation of the factual and procedural history is unnecessary. Briefly, Erie issued Sellers an automobile insurance policy, No. Q12-2009364 ("the Erie Policy"), identifying Sellers as the named insured, and providing bodily injury liability coverage in the amount of $100,000 per person/$300,000 per accident. The Erie policy also provided uninsured motorist coverage ("UM") and underinsured motorist coverage

_____

[*] Former Justice specially assigned to the Superior Court.

("UIM") limits in the amount of $25,000 per person/$50,000 per accident, as Sellers had specifically requested.[1]  Based on his election to purchase lower UM/UIM coverage limits, Sellers was charged a reduced premium for the Erie policy.

Between 2009 and 2018, Sellers renewed the Erie policy annually by paying the reduced renewal premium.  Over the years, he added additional automobiles and two trailers to the Erie policy, and opted for "stacking" of his UM/UIM benefits.  Sellers also owned a motorcycle; however, he insured it through a different insurance company because Erie did not provide coverage for motorcycles.  In 2016, Sellers purchased a second motorcycle and was advised by Blessing that Erie had started insuring motorcycles.  Sellers then added his second motorcycle to the Erie policy, which maintained the same policy number, same bodily injury liability coverage limits, and same UM/UIM limits.  Sellers later added his first motorcycle to the Erie policy.

In 2018, Sellers was riding one of his motorcycles when he involved in a motor vehicle accident in which he sustained injuries.  The tortfeasor's liability insurance policy limits were insufficient to cover the extent of Sellers'

---

[1] In the policy application, Sellers requested UM/UIM limits in the amount of $25,000 per person/$50,000 per accident.  In connection with the application, Sellers signed an "Important Notice" form which informed him of the availability of higher UM/UIM limits—up to the same amount as the bodily injury liability coverage limits of $100,000 per person/$300,000 per accident—if he wished to purchase them.  Sellers also signed a "Request for Lower Limits" form specifically requesting lower UM/UIM policy limits in the amount of $25,000 per person/$50,000 per accident.

damages. Consequently, he submitted a claim for UIM benefits under the Erie policy. Erie accepted the UIM claim and provided the full, per person policy limit of $25,000 UIM benefits, stacked over six vehicles, for a total claim payment to Sellers of $150,000. Sellers challenged the limits of UIM coverage provided by the Erie policy; however, Erie declined to provide further UIM benefits. Sellers thereafter initiated the instant litigation in which he asserted a claim for breach of contract against Erie and claims for breach of contract, negligence, and breach of fiduciary duty against Blessing. Following discovery, Erie and Blessing filed motions for summary judgment, and Sellers filed a cross-motion for summary judgment. On September 7, 2022, the trial court entered separate orders granting the motions filed by Erie and Blessing and denying the cross-motion filed by Sellers.

Sellers filed a timely notice of appeal. On October 16, 2023, the trial court ordered him to file of record and serve on the trial court judge a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) within twenty-one days, or by November 6, 2023. The trial court has indicated that Sellers served the trial court judge with a concise statement on November 2, 2023; however, Sellers did not file any concise statement of record prior to the expiration of the November 6, 2023 deadline. On November 9, 2023, the trial court entered a statement in lieu of opinion.

Sellers raises the following issues for our review:

1. Whether the trial court erred in granting summary judgment where Erie's agreement (through Blessing) to insure Seller's

- 3 -

[*sic*] motorcycle(s) and automobiles constituted creation of an entirely new insurance policy from the previous one that only insured automobiles, thus requiring new "sign-downs" of [UN/UIM] limits before such limits could be effectuated;

2. Whether the trial court erred in granting summary judgment where material facts remain in dispute, especially:

(a) whether a policy covering automobiles and motorcycles represents a different "type" of coverage than a policy covering only automobiles and is thus a "new" policy;

(b) whether failure to adequately explain the different types of coverage available when Sellers was solicited to include his motorcycles on a policy along with his automobiles and wanted coverage as "good" as he already had on an existing motorcycle policy constitutes a breach and violates fiduciary and industry standards; and

(c) whether Sellers' expert's opinion was improperly determined by the trial court "not convincing" when that is a question for the fact finder and not the court at summary judgment stage.

Sellers' Brief at 5-6.

Before we may address the merits of Sellers' issues, we must determine whether he preserved them for our review, as required by Rule 1925(b). **See Commonwealth v. Lord**, 719 A.2d 306, 309 (Pa. 1998) (holding that "from this date forward . . . [a]ppellants must comply whenever the trial court orders them to file a Statement of [Errors] Complained of on Appeal pursuant to Rule 1925 . . . [and a]ny issues not raised in a 1925(b) statement will be deemed waived"); **see also Commonwealth v. Castillo**, 888 A.2d 775, 780 (Pa. 2005) (finding that appellant waived all his claims on appeal for untimely filing

his Rule 1925(b) statement); Pa.R.A.P. 1925(b)(4)(vii) (providing that "[i]ssues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived").

Our Supreme Court intended the holding in **Lord** to operate as a bright-line rule, such that "failure to comply with the minimal requirements of Pa.R.A.P. 1925(b) will result in **automatic waiver** of the issues raised." **Commonwealth v. Schofield**, 888 A.2d 771, 774 (Pa. 2005) (emphasis added). In this regard, Rule 1925(b) requires an appellant to **both** file of record in the lower court and serve on the trial judge a concise statement of the matters complained of on appeal. **See Commonwealth v. Butler**, 812 A.2d 631, 633-34 (Pa. 2002) (holding that "Rule 1925 is not satisfied when an appellant merely mails his Rule 1925(b) statement to the presiding judge[; r]ather, Rule 1925(b) requires appellants to 'file of record in the lower court and serve on the trial judge a concise statement of the matters complained of on the appeal'"). Thus, if an appellant does not comply with an order to **file** a Rule 1925(b) statement, all issues on appeal are waived—even if the Rule 1925(b) statement was served on the trial judge who subsequently addressed in an opinion the issues raised in the Rule 1925(b) statement. **See Schofield**, 888 A.2d at 774. Where no concise statement has been filed, "the lack of filing results in the inability of the appellate courts to determine which issues were presented to the trial court, and thus preserved for appeal." **Id**.

Here, the certified record reflects that the trial court entered a Rule 1925(b) order on October 16, 2023, directing Sellers to file of record and to also serve upon the trial court judge a concise statement within twenty-one days, or by November 6, 2023. *See* Order, 10/16/23, at 1.[2] The trial court indicates that, on November 2, 2023, Sellers "served" the court with a concise statement. *See* Statement in Lieu of Opinion, 11/9/23, at unnumbered 1. However, the docket reflects that Sellers did not file any concise statement of record on that date or any time prior to the November 6, 2023 deadline. Moreover, the statement that Sellers "served" on the trial court judge is not included in the certified record. On November 9, 2023, the trial court entered a statement in lieu of opinion in which it "summarized" the issues raised in the statement that Sellers served on the trial court judge, and briefly addressed them. *See id*. at unnumbered 1-4. On December 26, 2023, fifty days after the filing deadline expired, Sellers filed of record an untimely concise statement. Notably, the issues raised in the untimely concise statement vary from the issues summarized by the trial court in its statement in lieu of opinion.[3]

---

[2] In its opinion, the trial court incorrectly indicated that it entered its Rule 1925(b) order on October 20, 2023; however, the docket and the time stamp on the Rule 1925(b) order reflect that the court entered the order on October 16, 2023.

[3] There is no evidence of record that Sellers ever requested, or received, an extension of time from the trial court to file his untimely concise statement, let alone a different concise statement.

- 6 -

Notwithstanding Sellers' non-compliance with Rule 1925(b), there are certain operative exceptions to Rule 1925(b) waiver with regard to timeliness. In determining whether an appellant has waived his issues on appeal based on non-compliance with Rule 1925, it is the trial court's order that triggers an appellant's obligation; therefore, we look first to the language of that order to ensure that it complied with the contents specified by Rule 1925(b). **See In re Estate of Boyle**, 77 A.3d 674, 676 (Pa. Super. 2013); **see also** Pa.R.A.P. 1925(b) (1)-(3).

Instantly, the record reveals that, on October 16, 2023, the trial court ordered Sellers to file a Rule 1925(b) statement. **See** Order, 10/16/2023, at 1. Specifically, the trial court directed Sellers to file of record and serve upon the trial court judge (either in person or by mail) a concise statement of errors complained of on appeal within twenty-one days of the date of the order. **See id**. The order also explained that any issue not raised or addressed in the statement shall be deemed waived. **Id**. Thus, the trial court's order conforms with Rule 1925(b)(1)-(3).

Additionally, a strict application of the bright-line rule in **Lord** necessitates strict interpretation of the rules regarding notice of Rule 1925(b) orders. **See In re L.M.**, 923 A.2d 505, 509-10 (Pa. Super. 2007). Thus, a failure by the prothonotary to give written notice of the entry of a court order and to note on the docket that notice was given will prevent waiver for timeliness pursuant to Rule 1925(b); **see also** Pa.R.A.P. 108(b) (providing

- 7 -

that "[t]he date of entry of an order in a matter subject to the Pennsylvania Rules of Civil Procedure shall be the day on which the clerk makes the notation in the docket that notice of entry of the order has been given").

In this case, a notation appears in the docket indicating that the prothonotary provided notice of the trial court's October 16, 2023 order to "ALL PARTIES" on that same date. *See* Trial Court Docket No: CV 2020-00928. Additionally, the notations on the trial court's order confirm that notice was given to all counsel, including Sellers' counsel. *See* Order, 10/16/23, at 1. Accordingly, we conclude that the trial court's order complies with the notice requirements, and we consider the date of entry of the trial court's order to be October 16, 2023.

Having confirmed the validity of the trial court's Rule 1925(b) order and the fact that due notice was given to the parties, we are constrained to find all of Sellers' issues waived for failure to timely file of record his Rule 1925(b) statement. *See Schofield*, 888 A.2d at 774; *Butler*, 812 A.2d 631, 633-34. Because no concise statement was timely filed, this Court is unable to determine which issues were presented to the trial court in the statement served upon the trial court judge. *See Schofield*, 888 A.2d at 774. Accordingly, as Sellers has waived all of his issues on appeal, we may not address the merits of those issues.

Orders affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/28/2025